MITCHELL, ADMRX., APPELLEE, *v.* O'NEAL ET AL., APPELLANTS.

[Cite as Mitchell v. O'Neal, 1 Ohio App. 2d 564.]

(No. 27144—Decided March 25, 1965.)

*Messrs. Tolliver & Trivers,* for appellee.
*Mr. Frank C. Lyons,* for appellants.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered by the Probate Court of Cuyahoga County in favor of the plaintiff, appellee herein, Bertha Mitchell, administratrix, hereinafter designated as the appellee, and against the defendant-appellant Charlotte O'Neal, hereinafter designated the appellant, in granting the appellee a review of the decision of the referee, out of rule and contrary to the rules of Probate Court, after the entry of a judgment in favor of the appellant, which it is claimed was prejudicial to the rights of said appellant.

Appellee instituted an action in the Probate Court praying for a declaratory judgment and restraining order declaring that appellant had no interest in a joint and survivorship account with the defendant The Cleveland Trust Company in the names of Eugene Denson, the decedent, and appellant; that all the funds in such account be transferred to the appellee as the duly appointed and qualified administratrix of the estate of Eugene Denson, deceased; and that appellee be granted a re-

straining order against the defendant The Cleveland Trust Company restraining that bank from paying such funds to the appellant and restraining appellant from withdrawing such funds.

The record discloses that the cause was referred to a referee of the court and came on for hearing before the referee on January 23, 1964, at which time it was partially heard and continued for completion to February 17, 1964; and that, thereafter, briefs were filed by both sides. The record discloses that the referee rendered his decision in favor of the appellant on April 20, 1964. On that date the referee sent to each counsel a notice as required by rules of court, the pertinent part in the form following:

"Gentlemen:

"I have this day rendered decision in this
matter and enclose copy of same, in accordance with
R. C. 2315.31.

"Unless further proceedings are instituted
within 10 days, in accorance with Rule 31 of this court,
this report upon the whole issue shall stand as the
decision of the Court and judgment will be entered
accordingly. For your information and guidance, a copy
of Rule 31 of this court is enclosed herewith.

"[Signed]————————————"
"Referee"

The problem herein involved revolves around the application and interpretation of Rule 31 quoted in the referee's notice above. Rule 31 consists of Subdivisions A through N, both inclusive. These rules were approved and ordered journalized by Probate Court on August 7, 1963. At the time of the adoption of such rules and their publication, the court recognized that there were no statutes defining the manner of appealing from a decision by a referee before the finding is reduced to a judgment. The statement published by the court is as follows:

"Due to the large volume of business handled in Probate Court, many adversary matters are heard and decided by referees. There are no statutes defining the manner of appealing from a decision by a referee before the finding is reduced to judgment. Accordingly, by rule of court, the following procedure will now prevail in Probate Court. We have followed, in

part, the statutes and rules for appeal from a trial court to a court of appeals."

We should note here that the notice to counsel indicates that: "Unless further proceedings are instituted within 10 days, * * * this report * * * shall stand as the decision of the Court and judgment will be entered accordingly."

Rule 31-B provides:

"Within ten (10) days after the decision and findings of the referee, a written motion for rehearing may be filed which will be assigned to such referee for consideration and ruling. Such motion should contain a concise statement of the grounds and reasons for such request and may be supported by affidavits or brief or both. Adverse parties may likewise file briefs in accordance with a schedule fixed by the referee. If an oral hearing before the referee is requested, it should be so stated in the motion. The decision of the referee on such motion shall be reduced to writing and filed in the case and counsel for all parties notified in writing accordingly."

The filing of a motion for rehearing is not mandatory. "* * * a written motion for rehearing may be filed * * *." None was filed during the 10-day period between April 20, 1964, and May 1st.

Section 2315.31, Revised Code, provides:

"Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action."

From the transcript we find that judgment was entered on May 1, 1964, and journalized in Journal 929, page 155. The court's entry of judgment is as follows:

"To Court: This 1st day of May, 1964, this cause came on to be heard on the decision of the Referee, Willis T. Barber, to whom reference of this proceedings was made, according to law and there being no exceptions filed thereto, the Court hereby confirms the same and the findings therein are hereby confirmed as the findings of the Court. It is the findings of fact that the decedent, when he established the joint account, actually intended to create a joint interest in Charlotte O'Neal,

with the right of survivorship. The Court further finds that it was the decedent's intent to create a joint account with the right of survivorship. Wherefore, it is adjudged and decreed that Charlotte O'Neal is entitled to the balance of the funds in the joint and survivorship account. It is further adjudged and decreed that a restraining order requested in the petition be denied in accordance with the applicable laws of the state of Ohio.

"Frank J. Merrick, Probate Judge."

Rule 31-C provides:

"Within twenty (20) days after the decision by the referee, or his decision on the motion for rehearing, any party may except to such decision of the referee by filing with the Court such exemptions [sic], reduced to writing, and containing a statement that a copy of such exceptions has been mailed or delivered to each counsel of record in the case."

Pursuant to this rule, appellee, on May 11, 1964, filed exceptions to the referee's decision. Since the 20th day following the decision on April 20, 1964, was a Sunday, we hold the filing of the exceptions on Monday, May 11th, was timely. The exceptions were overruled by the referee on May 14, 1964, and the entry was journalized in Journal 929, page 907.

Rule 31-D provides:

"Within forty (40) days after the filing of exceptions with the Court, the party filing same must cause to be filed in the case, a bill of exceptions, together with all exhibits, including the referee's findings and conclusions. The bill of exceptions must be in the same form and content as though it were being presented to a trial judge and must contain a statement that all parties in the case have been notified of its filing."

Since the exceptions were filed on May 11, 1964, it was incumbent on the appellee, in compliance with Rule 31-D, to file a bill of exceptions on or before June 20, 1964. This was not done.

On July 10, 1964, appellee filed her motion for leave to file a bill of exceptions and to stay execution. On July 14, 1964, the motion was set for hearing on July 24, 1964, and was thereafter continued to August 19, 1964.

The transcript indicates the following judgment and order on August 19, 1964. It is journalized in Journal 935, page 457, as follows:

"To Court: This cause coming on for hearing on motion for leave to file bill of exceptions and stay the execution, filed on behalf of the plaintiff, it is hereby ordered, adjudged and decreed that, as shown by the record in this case following the filing of the exceptions to the Referee's decision on May 14, 1964, such exceptions were heard and overruled by the Referee herein; and, further, no judgment of the Court was thereafter entered until this date. It further appearing to the Court that inasmuch as the exceptions, which were filed on May 11, 1964, and overruled on May 14, 1964, by the Referee, do not indicate whether or not the exceptor desired a hearing by the Court, or a review by the Referee, as shown by the record of this Court, the Referee thereafter overruled such exceptions and no appeal to the Court was thereafter filed and no proceedings were had until the within motion was filed. The within motion was filed on July 10, 1964, which was out of rule for appealing from the decision of the Referee to the Judge. However, under all the circumstances, as shown by the record in this case, the Court will grant plaintiff a review of the decision by the Referee, and such review will be had on the 22nd day of September, 1964, at 10:00 a. m., or a continuance date thereafter. Counsel for defendant excepts to this procedure and to this order and judgment. Such exceptions are noted.

"Frank J. Merrick, Probate Judge."

On August 28, 1964, appellant filed her notice of appeal to the Court of Appeals for Cuyahoga County.

On September 2, 1964, the following order was made by Judge Merrick:

"To Court: On this 2nd day of September, 1964, came Charlotte O'Neal, and gave notice of her intention to appeal to the Court of Appeals from the judgment and final order rendered by this Court on the 19th day of August, 1964, wherein the Court granted plaintiff-appellee a review of decision by Referee, dated April 20, 1964, and confirmed by the Court by journal entry May 1, 1964, and the said appeal being taken on questions of law only, it is by the Court ordered that the said appeal be and it is hereby allowed without bond. Thereupon, it is by the Court ordered that a transcript of all of the docket and journal entries pertaining to the matter appealed from be made to perfect such appeal.

"Frank J. Merrick, Probate Judge."

Since a judgment herein was entered by the court on May 1, 1964, ten days after the report of the referee was filed with the court on April 20, 1964, we have searched both the statutes and the Probate Court Rules, 31-A to -N, to determine by what authority the referee limits to ten days the institution of further proceedings before judgment is entered. Section 2315.31, Revised Code, pursuant to which the referee was empowered to act, contains no such time limitation. Rule 31-B of Probate Court Rules makes reference to a ten-day limitation within which a motion for a rehearing may be filed. The filing of such motion is not mandatory. Nor does the rule provide that in the absence of such motion a judgment will be entered.

The very next rule, 31-C, provides that any party, within twenty days from the referee's decision or his decision on the motion for rehearing, may file exceptions to such decision. Here again, nothing appears to justify the entry of judgment. An examination of the entire series of rules referred to indicates that there is no provision for the entry of a judgment in a situation in which an appeal is instituted by the filing of exceptions and a bill of exceptions until after a hearing by the Probate Court Judge. (Rule 31-K)

It is clear that the judgment of May 1, 1964, was entered contrary to the rules of court and was prematurely entered. What is the legal effect of a judgment so entered?

It is said in 49 Corpus Juris Secundum 238, Section 113 B, "Prematurity":

"A judgment is premature when it is rendered or entered before the case is ripe for final judgment. A judgment so rendered or entered has been held improper and erroneous, but not void.

"It is improper and erroneous to render or enter judgment prematurely, * * * because of proceedings remaining to be taken or matters remaining to be determined before the judgment can be put in its final shape. * * * However, the mere premature entry of a judgment is not a jurisdictional defect, and, therefore, does not avoid the judgment, but at most makes it irregular and voidable, * * *."

In 31 Ohio Jurisprudence 2d 708, Section 251, "Voidable Judgments," we find:

"A judgment which is voidable merely, is not a mere nullity,

but only subject to be avoided by direct attack. Until annulled, it has all the ordinary consequences of a legal judgment, and is binding upon the parties. Until superseded, reversed, or vacated, it is good in law, binding everywhere, and constitutes sufficient justification for all acts done in its enforcement.''

We note that in his decision of August 19, 1964, the Probate Court Judge states, ''such exceptions were heard and overruled by the Referee herein; and further, no judgment of the Court was thereafter entered until this date.'' In its order of September 2, 1964, the court recognizes that the decision of the referee dated April 20, 1964, was ''confirmed by the Court by journal entry May 1, 1964.''

As we read and understand the entry of May 1, 1964, the confirmation of the decision of the referee referred to constitutes a judgment of the court, although prematurely entered. There has been no attempt to vacate and set aside that judgment.

Is the court free, under the circumstances prevailing in this record, to ignore the judgment and attempt to waive the rules that were made to govern appeals from the referee's decision to the court for review? It is said in 14 Ohio Jurisprudence 2d 634, Section 201, that: ''The enforcement of rules of court, whether made by reason of their inherent power or under statutory authorization, is held to be within the sound discretion of the courts.''

And in *Sargent* v. *Corbley,* 7 C. C. (N. S.) 226, 228, 18 C. D. 125, the court said: ''The rule of the Probate Court is not a principle of law, but a rule of the court's own making for the expedient transaction and dispatch of business in said court, and if said court, for reasons satisfactory to itself, sees fit to break or waive such rule, it is not to be charged to it as an abuse of discretion.''

While we recognize that the waiver of the rules adopted by the court is within its discretion, such discretion must be exercised before the earlier action of the court can result in a judgment. An attempt to allow appellee a review of the referee's decision after it has been reduced to judgment does constitute an abuse of discretion.

The order, judgment and decree of August 19, 1964, by the Probate Court is reversed as contrary to law and the cause re-

manded with instructions to strike all entries subsequent to the judgment of the Probate Court rendered on May 1, 1964, and up to August 19, 1964, except that the record may show the filing of exceptions by appellee on May 11, 1964.

*Judgment reversed.*

KOVACHY, P. J., ARTL and CORRIGAN, JJ., concur.