DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a conviction for felony nonsupport rendered in the Lucas County Court of Common Pleas. Because we conclude that, absent a stay or interposition of an affirmative defense of inability to pay, a child support obligee must pay the full amount of support ordered, we affirm.
 {¶ 2} Appellant, Jerry Suchy, and his wife Lori, nka Taylor, were divorced in 1985, following a three-year marriage. Lori was awarded custody of the couple's one-year-old daughter and appellant was ordered to pay $60 per week child support. In 1995, appellant's support obligation was modified to $387 monthly.
 {¶ 3} In 1994, appellant founded a limousine service which, by 1997, grew to a fleet of 22 vehicles which generated a gross annual revenue of in excess of $600,000. In 1998, Lori Taylor initiated administrative review of appellant's support obligation. As a result, appellant's child support obligation was administratively modified to $1,896.17 per month. The order was later adopted by the Lucas County Court of Common Pleas, Domestic Relations Division.
 {¶ 4} Appellant appealed the modification, arguing that the Lucas County Domestic Relations Court should not have discounted more than $200,000 in business depreciation in computing his income for calculating child support. Eventually, this court affirmed the Domestic Relations Court's support award. Taylor v. Suchy (June 15, 2001), Lucas App. No. L-00-1227.
 {¶ 5} During the time the support order was being appealed, appellant did not seek a stay of the order. Nevertheless, he continued to pay support at approximately the pre-1999 level. In 2001, a Lucas County Grand Jury indicted appellant for felony nonsupport, alleging that between January 1, 1999 and June 13, 2001, appellant "failed to provide support as established by a court order" for more than 26 weeks out of 104 consecutive weeks in violation of R.C. 2919.21(B) and (G)(1). The matter was eventually submitted to the trial court on stipulated facts and written arguments. The court found appellant guilty as charged and sentenced him to serve four years under community control.
 {¶ 6} From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following three assignments of error:
 {¶ 7} "I. It constituted error to find that appellant acted recklessly.
 {¶ 8} "II. It constituted error to find that appellant failed to provide support for 26 out of 104 consecutive weeks.
 {¶ 9} "III. It constituted error to find that appellant had failed to provide support."
 MENS REA {¶ 10} R.C. 2919.21, the criminal nonsupport statute, does not impose strict criminal liability for those who do not comply with support orders. State v. Collins (2000), 89 Ohio St.3d 524, 528. To be convicted of the offense, the accused must exhibit some mental culpability. Id. at 530. Minimally, the offender must act recklessly. Id.
 {¶ 11} Appellant argues that we should construe this holding to mean that the "mere failure" to comply with a support order or seek a stay of that order is not a crime. Moreover, he contends that the statutory definition of recklessness characterizes that mental state with terms like "heedless indifference" and "perverse disregard." See R.C. 2901.22(C). Appellant insists that he was neither perverse nor heedless with respect to his support obligation. He "hired lawyers, filed objections * * * and prosecuted a direct appeal * * *" on the issue.
 {¶ 12} Appellant's argument is unpersuasive. As we indicated, "recklessness" is a minimal mental state sufficient to support an R.C. 2919.21 violation. As the Collins court observed:
 {¶ 13} "* * * Where, after notice and opportunity to be heard, a court order is issued mandating a person to submit child support payments to a specific agency of government, and that agency shows no record of any payments having been received from that person over a period of many years, a circumstantial inference arises that the person was aware of the obligation to pay and yet did not do so. Payment in accordance with such an obligation is an either-or proposition-the obligor either takes intentional actions to pay, or does not. Where no payments reach the agency over a period of many years, it may be inferred that the obligor took no action to ensure payment, and, in fact, intended not to pay. * * *" Collins at 530.
 {¶ 14} In this matter, there is no question that appellant knew of his obligation to pay and did not. Had he sought and been granted a stay of execution pending appeal, he would have been, at least temporarily, relieved of that obligation and no offense could have been proven. Had he raised as an affirmative defense an inability to pay, see R.C. 2919.21(D), and proved it, he would have been relieved of his obligation to pay and no offense could have been proven. He did neither of these things. Since appellant knew of his obligation to pay and did not, we must infer that he "intended not to pay." Such specific intention certainly satisfies the mental culpability element of the offense.
 {¶ 15} Accordingly, appellant's first assignment of error is not well-taken.
 II. TIME AND MONEY {¶ 16} Appellant's remaining assignments of error are related and will be discussed together.
 {¶ 17} Appellant asserts that he could not be charged with felony nonsupport because, although his increased support obligation was administratively imposed on February 26, 1999, the increase was not judicially ratified until June 23, 2000. Appellant maintains that between June 23, 2000, and June 13, 2001, as specified in the indictment, there were not 104 consecutive weeks during which he could have accumulated 26 weeks of nonsupport as mandated by R.C. 2919.21(G)(1) as the felony threshold. Moreover, appellant insists, save two or three months, he made payments every month, albeit at the previously ordered level. It should not be criminal for an obligor to pay the wrong amount, according to appellant.
 {¶ 18} R.C. 2919.21 provides, in material part:
 {¶ 19} "* * * (B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.
 {¶ 20} "* * *
"(G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the * * * offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. * * *"
 {¶ 21} It is well settled that the 104 weeks stated in the statute is not intended as a "grace period" for deadbeat parents. Rather, it is "* * * an outer limit on how far apart an offender's 26 missed weeks may lawfully be." State v. Beach, 148 Ohio App.3d 181, 2002-Ohio-2759, ¶ 28, quoting State v. Marcus (Apr. 19, 1996), 5th Dist. No. 95CA-A-08-054. If during any two-year period an obligor has failed to meet the obligor's ordered support payments for more than 26 weeks or its equivalent, the enhancement provision of R.C. 2919.21(G)(1) has been satisfied.
 {¶ 22} In this matter, there is some discussion about the 104/26 weeks conversion to an obligor who is ordered, as was appellant, to pay monthly. 104 weeks are 24 months. 26 weeks are 6 months. If an obligor fails to satisfy his court ordered support obligation for 6 or more months out of 24, R.C. 2919.21(G)(1) is satisfied.
 {¶ 23} What constitutes satisfaction of a court ordered support obligation is the topic of appellant's final assignment of error. Appellant insists that, with minor exception, he paid the amount of support established by the court for the support of his child effective prior to the 1998 modification. On average, according to appellant, he paid approximately $400 per month: an amount in excess of his $387 obligation.
 {¶ 24} The state responds that R.C. 2919.21 does not permit an obligor to pick the amount the obligor feels is sufficient to support his or her child. The statute requires that an obligor "* * * provide support as established by a court order * * *." Otherwise, an obligor could pay a dollar per week and avoid criminal sanction. This, the state argues, would negate the clear intent of the criminal nonsupport statute.
 {¶ 25} A judgment is final, effective, and imbued with permanent character when properly filed pursuant to Civ.R. 58. William Cherry Trustv. Hofmann (1985), 22 Ohio App.3d 100, 104. The judgment remains effective unless stayed pursuant to Civ.R. 62, reversed or vacated on appeal, App.R. 12, or superseded by another judgment. See Mitchell v.O'Neal (1965), 1 Ohio App.2d 564, 570; Brown v. Miami County ChildrenServices Board (Apr. 5, 1991), Miami App. No. 90-CA-31.
 {¶ 26} Appellant's obligation to pay $387 per month was superseded by a judgment ordering him to pay $1,896.17 per month. That is the amount he should have paid. Anything less is a failure, "to provide support as established by a court order * * *."
 {¶ 27} We need not reach appellant's assertion that the administrative support modification was insufficient as a "court order" to establish a violation of R.C. 2919.21(B). It is undisputed that appellant never paid the amount set in the 1998 order even after the modification was adopted by the Domestic Relations Court in June 2000. Consequently, appellant failed to provide support as established by a court order for, at least, 11 months or approximately 51 weeks. Accordingly, appellant's second and third assignments of error are not well-taken.
 {¶ 28} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.