Shore, d. b. a. C.O.A.T. Paving Co., Appellee, *v.* Chester et al., Appellees; Balco Corp. et al; Appellants.

[Cite as Shore v. Chester (1974), 40 Ohio App. 2d 412.

(No. 74AP-145—Decided June 7, 1974.)

*Messrs. Harris, Lias & Strip Co., L. P. A., Mr. John W. Hoppers* and *Mr. John Z. Fargo,* for appellee.
*Messrs. Schottenstein, Garel, Swedlow & Zox* and *Mr. James D. Shelton,* for appellants.

*Per Curiam.* This appeal is before the court upon the motion of plaintiff, an appellee herein, to dismiss the appeal upon the grounds that the notice of appeal was not timely filed.

The cause was tried to the court without a jury. On November 20, 1973, the trial court announced its written decision finding in favor of plaintiff against Balco Corporation by what is labelled "Decision and Judgment Entry." Thereafter, on December 13, 1973, defendant Balco Corporation filed its request for separate findings of fact and conclusions of law. Thereafter, certain proceedings in aid of execution of the "judgment" were filed by plaintiff. On January 31, 1974, defendant Balco Corporation filed a motion for an order "setting aside the previous Orders issued in aid of execution." On March 4, 1974, the trial court rendered the following "Decision and Judgment Entry":

"A 'Decision and Judgment Entry' was filed in this

case November 20, 1973. Under Rule 52, Defendant Balco Corporation had 14 days after receipt of the decision to request findings and conclusions. Such request was made December 13, 1973. Timely request was not made and the Judgment therefor stands as filed November 20, 1973.

"The Motion of Defendant Balco Corporation filed January 31, 1974, is accordingly OVERRULED."

On April 3, 1974, defendant Balco Corporation and defendant Buckeye Union Insurance Company filed a joint notice of appeal from the "Decision and Judgment Entry filed in this action on the 4th day of March, 1974."

Plaintiff contends that defendant Balco Corporation is belatedly attempting to appeal the "judgment" entered November 20, 1973. Defendant Balco Corporation contends that there is no such judgment but that only a decision was announced, which decision has not been made a judgment, and that it is appealing from the March 4, 1974, order which is a judgment.

We agree that the decision announced November 20, 1973, is not and has not become a judgment for two basic reasons.

First, it appears that the decision of the trial court was announced by the writing filed November 20, 1973. Civ. R. 58 specifically provides that "* * * *upon a decision announced,* the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it." (Emphasis added.) Civ. R. 52 refers to "notice of the court's announcement of its decision." Civ. R. 84 refers to the Appendix of Forms approved by the Supreme Court. Form 19 is a form for "Judgment on Decision By the Court," and reads as follows:

"This action came on for [trial] [hearing] before the Court, and the issues having been duly [tried] [heard] and a decision having been duly rendered.

"It is ordered and adjudged [that the plaintiff A. B. recover of the defendant C. D. the sum of ———, with interest thereon at the rate of ———percent as provided by law, and his costs of action]."

Although the utilization of the combined decision and entry may be appropriate with respect to interlocutory or-

ders, it is not appropriate for the trial court to both announce its decision and enter judgment by a single writing. The rules require that the decision be announced to the parties first and then judgment entered pursuant thereto.

This case points out the necessity of clarity which can only result from the court's decision being separately announced prior to the entry of judgment. The decision herein reads like a decision, not a judgment. There is nothing therein except the caption "Decision and Judgment Entry" which would cause anyone to believe that it was anything more than the court's written decision. Furthermore, Rule 39.01 of the Franklin County Court of Common Pleas specifically provides:

"Unless the trial judge otherwise directs, counsel for the party in whose favor an order, decree, or judgment is rendered, shall within five (5) days thereafter prepare the proper journal entry, and submit it to the counsel for the adverse party, who shall approve or reject the same within three (3) days after the receipt thereof. * * * When the entry is approved by counsel, it shall be so endorsed and presented to the judge to whom the case is assigned for approval, and if signed by him shall then be filed with the Clerk. * * *

"If counsel fail to present an entry within twenty (20) days after the order, decree or judgment is rendered, the trial judge may cause the proper entry to be prepared and filed without submission or notice to counsel or take such other action as may be appropriate under the circumstances."

There is no indication that the trial judge "otherwise directs" with respect to the judgment entry. Court rules are made to be followed, both by the court and by counsel, not ignored. If a court feels its rules do not reflect the proper course of action, it should amend them, not ignore them. Counsel should be able to rely upon duly adopted court rules. Accordingly, in light of the provisions of the Civil Rules, the language of the decision and the rules of the trial court, the "Decision and Judgment Entry" constituted only an announcement of a decision and not an entry of judgment.

The second reason why the November 20, 1973, decision does not constitute a judgment is the application of Civ. R. 54(B). Originally, the action was brought against four individuals and Ohio Federal Savings and Loan in addition to defendant Balco Corporation. Subsequently, the four individuals were dismissed as parties, but Buckeye Union Insurance Company was added as a party-defendant. An amended complaint was filed seeking a judgment against Balco Corporation and Buckeye Union Insurance Company, who filed a joint answer. However, the November 20, 1973, "Decision and Judgment Entry" makes no mention of plaintiff's claim against Buckeye Union Insurance Company and in no way purports to terminate the action as to Buckeye Union Insurance Company even though this company has joined in the notice of appeal. Civ. R. 54(B) expressly provides that, in the absence of an express determination of no just reason for delay, "any order or other form of decision, however designated, which adjudicates * * * the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * *."

Defendant Balco Corporation, however, contends it is appealing from a refusal of the trial court to make separate findings, explaining its appeal in the following language, in its brief contra to the motion to dismiss:

"On January 31, 1974, Defendants filed a motion with the Court requesting that the Court take action on its request for separate finds [*sic*] of fact and law and that it thereafter enter final judgment in this matter from which Defendants could appeal. On March 4, 1974, the Court overruled the motion, and it is that ruling from which Defendants appeal."

A refusal to make separate findings of fact and conclusions of law is not an appealable order. Civ. R. 52 requires the request therefor to be made within seven days after receiving notice of the court's announcement of its decision, but before the judgment is approved in writing and filed with the clerk, *whichever is later*. Although the request herein was made more than seven days after the defendant Balco Corporation was given notice of the court's

announcement of its decision, such request was made prior to the entry of judgment and, thus, was timely made. However, such error of the trial court does not constitute an appealable order.

In view of defendant Balco Corporation's contention that it seeks to appeal from an order that is not appealable and that any notice of appeal from a final judgment would be premature, there not yet being a judgment entered, the motion to dismiss is well taken but on different grounds than those asserted.

Accordingly, the motion to dismiss is sustained, and this appeal is dismissed.

*Appeal dismissed.*

HOLMES, WHITESIDE and REILLY, JJ., concur.

HOLMES, J., concurring separately.

I am in concurrence with the judgment herein for the second reason set forth in the decision, supportive of the proposition that there was no final appealable order rendered pursuant to Civ. R. 54(B). I agree that, if there is not language in the judgment entry to the effect that there is no just reason for delaying such judgment as to less than all of the parties, such filing, pursuant to the rule, does not institute a final judgment and is not reviewable. *Whitaker-Merrell* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184.

Insofar as the first proposition, I cannot agree that the paper dated November 20, 1973, and entitled "Decision and Judgment Entry," does not constitute an entry of judgment of the trial court, within the meaning of Civ. R. 58.

It is not my view that such rule would require an entry of judgment to be separate from a decision. I hastily add, however, that I believe that the practice of separate writings presents a much more intelligible record, but the absence thereof does not prevent the single writing from being both a decision and a judgment entry.

As to the local rule of court, I believe that the fact that the judge proceeds to combine his decision and judgment entry obviates the need for any further direction otherwise to the parties as to the entry.