AMERICAN STATES INSURANCE COMPANY ET AL., APPELLANTS, *v.* NEWMAN, APPELLEE.

(No. 81AP-170—Decided April 30, 1981.)

*Messrs. Earl & Warburton* and *Mr. Dick M. Warburton, Jr.,* for appellants.

*Mr. James J. Marlin, Jr.,* for appellee.

STRAUSBAUGH, P. J. This matter comes before us upon defendant's motion to dismiss the appeal on the grounds that the notice of appeal was not timely filed.

An examination of the record reveals that the trial court granted defendant's motion for summary judgment on January 6, 1981, pursuant to a "half-sheet" entry signed by the trial court. Plaintiffs filed a notice of appeal with the trial court

on February 12, 1981. In support of his motion to dismiss, defendant-appellee, Carl H. Newman, claims that plaintiffs-appellants, American States Insurance Company and Herbert B. Thivener, have failed to timely file their notice of appeal as required by App. R. 4(A).

In pertinent part, App. R. 4(A) reads as follows:

"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *

"* * * A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the trial court for journalization."

Based on the above-quoted provisions of App. R. 4(A), we find that plaintiffs' notice of appeal was prematurely filed. Plaintiffs have attempted to appeal a decision evidenced by a half-sheet entry written and signed by the trial judge. Said entry does not constitute a final appealable order for the purpose of an appeal. There is no indication in the record of any filing with the clerk of the trial court of the half-sheet entry; or, *if* it was filed, *when* said filing took place.

Upon announcement of a decision by the trial court, Civ. R. 58 provides that the court shall promptly cause the judgment to be prepared, signed and filed with the clerk. Franklin County Municipal Court Rule 12.06 places the duty to prepare a journal entry on the counsel for the party in whose favor the judgment is rendered. However, neither party has apparently submitted any final entry to the trial court in this case.

The plaintiffs' notice of appeal is premature, there being no final appealable order. Accordingly, defendant's motion to dismiss the appeal is hereby granted.

*Appeal dismissed.*

WHITESIDE and MCCORMAC, JJ., concur.