CITY OF COLUMBUS, APPELLEE, *v.*
MCCREARY, APPELLANT.

(Nos. 81AP-363 and -364—Decided
September 17, 1981.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Stuart A. Benis,* for appellant.

NORRIS, J. Defendant appeals his traffic convictions in the Franklin County Municipal Court, one of which was of a misdemeanor of the first degree. The issues raised by the appeal are whether defendant was brought to trial within the time prescribed by R.C. 2945.71(B)(2), and whether, under the circumstances of this case, the trial judge was permitted to reconsider his earlier decision to discharge defendant.

Defendant was arrested on November 27, 1980, and appeared for arraignment the next day, at which time he apparently requested time to obtain an attorney. The trial court continued the case until December 18 to enable defendant to obtain counsel. On December 18, defendant's not guilty plea was accepted and the case was later assigned a trial date of March 11, 1981, on which date counsel for defendant moved for dismissal since defendant had not been brought to trial within ninety days of his arrest. The trial judge granted the motion.

Later that same day, the trial judge reconsidered his earlier action and overruled defendant's motion, reinstated the case, set a new trial date of March 12, and informed defendant's counsel by telephone of the new trial date. On March 12, the prosecutor appeared for trial with witnesses for the state's case, but although counsel for defendant was present, defendant was not, since his attorney apparently had been unable to reach him.

The trial court then continued the case for trial on March 30, at which time defendant was found guilty on both charges.

Defendant raises two assignments of error:

"I. The trial court erred in overruling defendant's motion to dismiss this action in that the case had not been prosecuted within the time period allowed by law.

"II. The trial court erred in reinstituting this action on its own motion following dismissal and discharge of this action on May [*sic*] 11th, 1981."

Several provisions of the statutes and rules are relevant to our consideration of defendant's appeal:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest * * * if the offense charged is a misdemeanor of the first * * * degree * * *." (R.C. 2945.71[B].)

"The time within which an accused must be brought to trial * * * may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." (R.C. 2945.72[H].)

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." (R.C. 2945.73[B].)

"(D) * * * When an accused is discharged pursuant to division (B) * * * of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct." (R.C. 2945.73[D].)

"(B) Judgment: A judgment of conviction shall set forth the plea, the verdict or findings and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk." (Crim. R. 32[B].)

In his first assignment of error, defendant argues that he was not brought to trial within the "speedy trial deadline" provided by R.C. 2945.71(B)(2); that more than ninety days had expired between his arrest on November 27, 1980, and the original March 11, 1981 trial date. The problem with defendant's position is the fact that the time within which he was required to be brought to trial was extended by his own request for additional time within which to obtain an attorney. R.C. 2945.72(H). When the period of time of that continuance, from November 28 until December 18, 1980, is excluded, both the March 11 and 12, 1981 trial dates were well within the ninety-day limitation.

The March 30, 1981 trial date was also within the ninety-day limit, since the time within which defendant was required to be brought to trial was further extended for the period between March 12 and March 30, by a continuance granted under R.C. 2945.72(H), when defendant failed to appear for trial. The continuance was entered before the speedy trial deadline had expired, and the trial judge affirmatively demonstrated on the record the necessity and purpose of the extension. See *Aurora* v. *Patrick* (1980), 61 Ohio St. 2d 107 [15 O.O.3d 107]; *State* v. *Martin* (1978), 56 Ohio St. 2d 289 [10 O.O.3d 415]. The continuance was reasonable in both purpose and length.

Defendant's first assignment of error is overruled.

The second assignment of error raises the question whether the trial judge was justified in reconsidering his action of earlier that day in discharging defendant, and, upon reconsideration, reinstating the case and setting trial for the following day.

The trial court's "jacket" enclosing documents in the case, includes these handwritten and rubber-stamped notations:

"Mar. 11, 1981 Dismissed; case not prosecuted w/in time limits due to ct. error. Romanoff.

"3/11/81 Decision above reconsidered and reversed. Case reinstated. Section 2945.71, et seq., motion OVERRULED. Atty. Stu Benis notified that case reset for trial 3/12/81, 9:30 AM. Romanoff.

"3/12/81 Steno present; D unavailable for trial. Continued to 3/30/81, 9:30 AM for JT at request of Ct. pursuant to § 2945.72(H) ORC. Romanoff."

Defendant assumes he was discharged on March 11, 1981, by final entry of judgment. He then argues that this discharge is a bar to any further criminal proceedings against him based upon the same conduct, citing R.C. 2945.73(D).

Defendant's argument is not well taken. The March 11, 1981 notation on the jacket does not constitute a judgment entry discharging defendant within the contemplation of either R.C. 2945.73(D) or Crim. R. 32(B). A document not labeled

a judgment, nor unequivocally intended to be a judgment, does not constitute a judgment. *State* v. *Tripodo* (1977), 50 Ohio St. 2d 124 [4 O.O.3d 280]. See, also, *Lima* v. *Elliott* (1964), 6 Ohio App. 2d 243 [35 O.O.2d 427]. Accordingly, the trial court retained jurisdiction to reconsider what amounted to no more than an announcement of its earlier decision.

Defendant was not prejudiced by the case having been set for trial the next day; if defendant was prepared for trial on March 11, it may be presumed that he was prepared for trial on March 12. The second assignment of error is overruled.

Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and MOYER, J., concur.