HALL, D.B.A. PREMIER ACRYLIC MARBLE, APPELLEE, *v.* K.V.V. ENTERPRISES, TRIDENT, APPELLANT.

(No. 83AP-746—Decided March 20, 1984.)

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Henry A. Arnett,* for appellee.

*Messrs. Kaiser & Hall* and *Mr. J. Stewart Kaiser,* for appellant.

McCORMAC, P.J. Plaintiff-appellee, Jerry Hall, filed a complaint in Franklin County Municipal Court alleging that defendant-appellant, K.V.V. Enterprises owed him $2,717.50 on an account. Defendant answered denying the allegations of the complaint and asserted a counterclaim for $4,500 damages which was represented to be the value of a mold belonging to defendant which plaintiff had converted to his own use. Plaintiff replied, denying conversion of the mold.

Plaintiff amended his complaint adding two additional claims, one for $2,025 for unpaid costs of a mold constructed by plaintiff, and the second one for $6,075 for lost profits on the contract which defendant is alleged to have breached.

The case was tried to a jury on March 25, 1983. The jury returned a verdict for plaintiff in the amount of $6,000 and found that nothing was due defendant upon his counterclaim. According to the record, the jury verdict was returned just after 6:00 p.m. At that time, the court stated on the record as follows:

"THE COURT: We will enter judgment on behalf of plaintiff in the — against the defendant in the amount of $6000, effective the 25th day of March, 1983, plus interest from that date until the date the matter is paid, at legal rates."

The case file folder shows the following notation:

"MAR 25 1983 Jury Trial. Jury returned a verdict for the Plaintiff, against the Defendant for $6,000.00. Nothing was awarded to the Defendant for his Counterclaim. Judgment for Plaintiff in the amount of $6,000.00, plus int. at legal rate from 3-25-83.

/s/ Petree"

That notation consists of a stamped date with the judgment entry in ink signed by Judge Petree. The civil docket of the case shows the same entry with the additional notation: "The above final appealable order filed 3-25-83 with the clerk of Courts Franklin County Municipal Court TED HYSELL, Clerk, by Zemba special deputy clerk."

On June 20, 1983, defendant moved the court for relief from judgment pursuant to Civ. R. 60(B). In a memorandum attached to the motion, defendant stated that he did not receive a copy of the aforesaid entries, that he intended to file a motion for new trial and, if necessary, an appeal, and that the "secret entries" were unjust as they deprived defendant from having an opportunity to comply with the mandatory time guidelines for a new trial motion and a notice of appeal. An affidavit was submitted with the motion by the attorney for the defendant stating that he did not receive a copy of the entry nor notice that the entry had been journalized. In a subsequent memorandum, defendant stated generally that the basis for his motion for a new trial would be that there was excessive damages given to plaintiff under the influence of prejudice and that the jury failed to grant defendant compensation on his counterclaim because of bias and prejudice. He further stated that relief from judgment should be granted because there was mistake, inadvertence, sur-

prise or excusable neglect justifying relief under Civ. R. 60(B)(1) and 60(B)(5).

The trial court overruled the motion for relief from judgment.

Defendant has appealed, asserting the following assignment of error:

"It was prejudicial for the Franklin County Municipal Court to overrule defendant-appellant K.V.V.'s motion for relief from judgment, where the court's ruling contravenes its own court rules."

Defendant asserts that he is entitled to relief from judgment because the judgment entry was entered in violation of Franklin County Municipal Court Rule 12.06, which should result in a holding that the judgment entry is void and of no effect, or that defendant is entitled to relief from judgment to enable him to file a motion for a new trial and, if necessary, a notice of appeal.

Local Rule 12.06 provides as follows:

"Counsel for the party, or the party, in whose favor an order of judgment is rendered shall prepare the journal entry. That entry shall be submitted to opposing counsel, or opposing party, within five days of the decision. Opposing counsel, or opposing party, shall approve or reject the entry within five days. Within fifteen days of the decision, prevailing counsel, or prevailing party, shall inform the judge of the agreement or disagreement of the parties. An entry disposing of the case, whether that entry is (1) agreed, (2) prepared by the judge because of the disagreement of the parties, (3) prepared by the judge because of counsel's, or party's, failure to act, shall be filed with the clerk of courts within fifteen days after the decision."

The entry on the file folder, which was stated to have been journalized by the Franklin County Clerk of Courts on March 25, 1983, was entered without following Local Rule 12.06. Plaintiff did not prepare the journal entry, nor was the entry submitted to counsel for defendant. Instead, Judge Petree wrote the judgment on the file folder and signed it. The judgment was then transmitted to the clerk of courts for journalization. Defendant contends that the action of the trial court misled him into believing that a judgment had not been entered until it was too late to file a motion for a new trial or an appeal from the judgment.

In *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297 [21 O.O.3d 187], the Ohio Supreme Court held that it was proper for a trial court to vacate a judgment overruling a motion for a new trial which was entered contrary to the trial court's oral promise to the movant to hold a hearing prior to the ruling. The movant relied upon the court's promise and did not appeal the judgment because of no actual notice thereof.

In *Steadley,* the trial court sustained the motion to vacate the judgment because the trial court had misled the movants into not filing a timely appeal. In the instant case, the trial court overruled the motion for relief from judgment. The issue is whether the trial court abused its discretion in doing so.

Defendant relies upon the violation of Local Rule 12.06. However, Rule 12.06 provides that, in the event of a failure of the parties to act within fifteen days, the judge shall file the appropriate entry with the clerk of courts within fifteen days after the decision. Consequently, at most, the record permits a finding that defendant was misled for fifteen days. Since the motion for relief from judgment was not filed until over three months after judgment was entered, the trial court did not abuse its discretion in denying relief from judgment since defendant's reliance upon the court's following Local Rule 12.06 could properly be limited to a period of fifteen days after March 25, 1983. After the fifteen-day period elapsed, defendant was obligated to check the docket

140

to ascertain when judgment was entered. There is no requirement that a party be notified of entry of a judgment. *Town & Country Drive-In Shopping Centers, Inc.* v. *Abraham* (1975), 46 Ohio App. 2d 262 [75 O.O.2d 416].

Defendant also contends that the written language on the file folder does not constitute a judgment entry. However, the judgment is on a file folder which clearly delineates the style and number of the case, and it clearly decides the case. It is not necessary that it be labeled a judgment (see Civ. R. 58), as it clearly disposes of all of the rights of the parties and, thus, complies with Civ. R. 54(A) as being an order from which an appeal lies.

Defendant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MOYER, J., concurs.

WHITESIDE, J., dissents in part.

WHITESIDE, J. dissenting in part. Since I find the more appropriate order to be a dismissal of this appeal, I cannot concur in the judgment of affirmance.

If defendant be correct and the March 25, 1983 "half-sheet" entry does not constitute a proper entry of judgment, a Civ. R. 60(B) motion does not create an appealable order. Thus, if the "half-sheet" entry is not the proper entry of judgment, there is no appealable order and no judgment; that is, the trial court has not yet entered judgment upon the jury verdict.

On the other hand, if the March 25, 1983 "half-sheet" entry does constitute a judgment, as the trial court contends, the appeal is not timely, and the filing of a Civ. R. 60(B) motion cannot extend the time for appeal. Even assuming the trial court could vacate such judgment as in *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297 [21 O.O.3d 187], no abuse of discretion has been demonstrated by the refusal to do so. Franklin County Municipal Court Rule 12.06 does call for initial preparation of the entry by the parties as does M.C.Sup. R. 7, but both require preparation of the entry by the court if the parties fail to act, Local Rule 12.06 after fifteen days, and the M.C. Sup. R. 7 after thirty days. Civ. R. 58 places responsibility for the judgment entry upon the court. If counsel were familiar with Local Rule 12.06, he should also have been familiar with Local Rule 9.06 upon which the trial court relied.

The problem here stems in large part from the trial court's adherence to the nineteenth-century procedure inherited from justices of the peace of handwriting entries on a so-called "half-sheet," in this instance upon a file folder. Unfortunately, this practice was approved by the Supreme Court in *Hower Corp.* v. *Vance* (1945), 144 Ohio St. 443 [30 O.O. 38], as being consistent with former G.C. 11604. The problems and fears stated by the dissent in that case are compounded by the present-day multitudinous litigation. Cf. *Lima* v. *Elliott* (1964), 6 Ohio App. 2d 243 [35 O.O.2d 427]. Even though different statutes and rules are applicable today, it would not be appropriate for this court, an intermediate appellate court, to overrule or modify *Hower*. Hopefully, however, the Supreme Court will take action either by modifying *Hower, supra,* or adopting an appropriate superintendency rule and abolish this antiquated practice of handwriting judgment entries on file folders under the guise of a "half-sheet" procedure, which most municipal courts have abolished by their own volition.