WILLIAM CHERRY TRUST, CHANELL, TRUSTEE, APPELLANT, *v.* HOFMANN, D.B.A. HOFMANN FURNITURE STORE ET AL., APPELLEES.

(No. L-84-319—Decided March 29, 1985.)

*Susan Hartman Muska,* for appellant.

*Kelly D. Stimpson,* for appellees.

HANDWORK, J. This matter is before the court, *sua sponte.* The case *sub judice* is a civil appeal purportedly from a judgment of the Toledo Municipal Court. For the following reasons, we conclude that the "judgment" sought to be appealed is not one that is final and appealable.

On July 24, 1984, the municipal court ruled on matters relating to an earlier default judgment which had been entered against defendants-appellees and which, at some later point, had been vacated. The July 24th ruling appears to have been directed to motions to correct and clarify the record as to what it was the trial court had intended to do in granting and then vacating the previous default judgment. On August 17, 1984, appellant filed a motion for reconsideration, asking the court to reconsider its ruling of July 24th and requesting a hearing on the matter. Subsequently, on August 21, 1984, appellant filed its notice of appeal from the July 24th "clarification" order. Despite its lack of

jurisdiction after the notice of appeal was filed, the trial court, on August 30th, granted the requested hearing, which was held on September 26, 1984. On October 19, 1984, the trial court "re-affirmed" its July 24th ruling.

The July 24th order, the order from which this appeal has been taken, is handwritten in ink on a 15 x 10 inch case file-envelope. It appears as follows:

"7/24/84. In ruling on its Pltf's motion #84-631 the court finds, that although Defts' motion #83-682 filed on 6-2-83 makes reference only to George Hofmann DBA Hofmann Furniture Store, the court in its entry of 6-8-83 nevertheless states in part as follows: 'Defts' motion #83-682 to vacate default judgment entered on 4-26-83 is found well-taken & granted and it is hereby ordered that said default judgment is vacated & set aside.'

"The default judgment entry of 4-26-83 granted a default judgment against all defendants including Frank Riege and therefore the vacation of that default judgment on 6-8-83 applied to all defendants.

"The court also transferred the entire case, including all the parties, to the court of common pleas for determination of all matters against all parties.

"/s/ Judge Robt. W. Penn"

Two deficiencies exist in this "entry," though only one of them prevents it from being a final appealable judgment or order for purposes of appellate jurisdiction.

## I

The first problem lies in the *form* of the "judgment." Aside from various other entries on the same file-envelope, all of which are written in ink but with an occasional typewritten note, no *separate* document (a "judgment entry") has been *separately* filed as such.[1] It is, therefore, difficult to say that there is an identifiable "judgment" or "order." Arguably, the handwritten notations here are not even the kind of "half-sheet" entry commonly used, but frequently criticized. See *Hall* v. *K.V.V. Enterprises* (1984), 15 Ohio App. 3d 137, 140 (Whiteside, J., dissenting).

Whether cryptically scribbled notations on a case file-envelope suffice, in form, as a proper "judgment/journal entry" for purposes of final appealability is at least open to serious doubt. Civ. R. 54(A) does little more than define "judgment" as including "a decree and any order from which an appeal lies." The language of Civ. R. 58, however, implies the formal "preparation" of a written journal or judgment entry by trial courts. Civ. R. 58 mandates, in pertinent part:

"* * * [U]pon a general verdict of a jury, or upon a decision announced, the court *shall promptly cause the judgment to be prepared and,* the court having signed it, *the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk* for journalization. * * *" (Emphasis added.)

In this regard, too, M.C.Sup.R. 7 states:

---

[1] The record discloses that counsel for the parties were intermittently sent letters from the Toledo Municipal Court's assignment commissioner informing them of the date and substance of the court's ruling on certain matters. In particular, on July 25, 1984, the assignment commissioner sent such a letter to counsel, which contained the substance of the court's July 24, 1984 ruling as quoted in the text of this opinion. The assignment commissioner's letter begins: "The following is an entry on [*sic*] the above captioned case." However, for the same reasons explained at length in this opinion, such "letter entries" from the assignment commissioner do not constitute formal and proper "judgment entries" under Civ. R. 58. They merely serve as notice to counsel that the court has acted with respect to some matter in the case. For purposes of appellate jurisdiction, such "letter entries" are not themselves final appealable entries for the simple reason that they are not "judgments."

"The *judgment entry* specified in Civil Rule 58 and in Criminal Rule 32[B] shall be journalized within thirty days of the judgment. If such entry is not prepared and presented for journalization by counsel, *it shall be prepared by the court and filed with the clerk for journalization.*" (Emphasis added.)

Many cases suggest that Civ. R. 58 requires the drafting of a separate document, complete in itself, which incorporates the order, decree or determination of the court.[2] They further suggest that this document must be filed separately from other material with the clerk of the trial court who is responsible for its journalization. The underlying premise here is that a judge speaks as the court only through journalized judgment entries. See, *e.g., Carter* v.

*Johnson* (1978), 55 Ohio App. 2d 157 [9 O.O.3d 323].

Mere "notations" on case jackets are insufficient to rise to the dignity and finality of properly drafted judgment entries filed with the clerk for journalization. Civ. R. 58; see, *e.g., Columbus* v. *McCreary* (1981), 3 Ohio App. 3d 216; *Lima* v. *Elliott* (1964), 6 Ohio App. 2d 243 [35 O.O.2d 427]. A document not labeled "judgment" or "judgment entry," nor unequivocally intended to be a judgment, does not constitute a "judgment" in the formal sense. This is often true where no separate document is ever filed by the court. Cf. *State* v. *Tripodo* (1977), 50 Ohio St. 2d 124, 126 [4 O.O.3d 280].

In *Peters* v. *Arbaugh* (1976), 50 Ohio

---

[2] The older cases pre-dating the enactments of the Rules of Civil Procedure and Appellate Procedure are not consistent in their respective holdings. In *Krasny* v. *Metropolitan Life Ins. Co.* (1944), 143 Ohio St. 284 [28 O.O. 199], the Supreme Court observed the well-established rule that a court of record speaks only through its journal or judgment entries, holding at paragraph one of the syllabus:

"1. A judge's trial docket is not a part of the record of the court and a notation thereon by the trial judge as to its decision or judgment does not constitute a 'decision' within the purview of Section 11564, General Code."

See, also, *State, ex rel. Indus. Comm.,* v. *Day* (1940), 136 Ohio St. 477 [17 O.O. 86].

However, in *Hower Corp.* v. *Vance* (1945), 144 Ohio St. 443 [30 O.O. 38], the court held that "an entry of a judgment of the Municipal Court of Akron * * * made upon a half-sheet of such court and approved by the endorsement of a judge thereof, is, as so endorsed, recorded by the clerk in the civil docket of the court, in which, by rule of court, there is also made a final and complete record of a case, there is a journalization and record of a judgment within the purview of Section 11604, General Code." In the opinion, the court stated:

"* * * A judgment is rendered when a written entry declaring the specific and final

action of the court in favor of one litigant and against another is approved by the court and filed with the clerk for journalization. * * *

"* * * [T]he entry was not only filed with the clerk, but, in compliance with the court rule, was recorded by him, thus serving every purpose of journalization and record." (Citations omitted.) *Id.* at 450.

There was a strong dissent in the *Hower Corp.* case. See *id.* at 451-456. Today, the problems and confusion surrounding "halfsheet" entries — especially for appellate courts attempting in their pre-hearing screening procedures to identify and dismiss untimely filed appeals — have only intensified, with the explosion of litigation in the trial courts being followed inevitably by appeals of right. See *Hall* v. *K.V.V. Enterprises* (1984), 15 Ohio App. 3d 137, 140 (Whiteside, J., dissenting): "The problems * * * are compounded by the present-day multitudinous litigation. * * * [A]dopting an appropriate superintendency rule * * * [would] abolish this antiquated practice of handwriting judgment entries on file folders under the guise of a 'half-sheet' procedure, which most municipal courts have abolished by their own volition." (Citations omitted.)

Yet, as we interpret the Rules of Superintendence for Municipal Courts and County Courts, this practice *was* abolished when M.C. Sup. R. 7 was adopted. These rules became effective January 1, 1975.

App. 2d 30 [4 O.O.3d 17], the court stated, in the syllabus:

"*Before a document filed by a judge in a civil action can qualify under Civ. R. 58 as a judgment from which an appeal can be taken,* it must contain a sufficiently definitive formal statement showing an intent to effect a termination of the case." (Emphasis added.)

Indeed, a "judgment is final, effective and imbued with a permanent character *when filed* with the clerk [of the trial court] pursuant to Civ. R. 58." (Emphasis added.) *Cale Products, Inc.* v. *Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375 (paragraph two of the syllabus). But there is more to a "judgment" than merely its form as a separate document. As the court noted in *Peters* v. *Arbaugh, supra,* the document's language must reasonably indicate an intent to effect "a termination of the case." Although these sentiments regarding the form and character of a formal judgment might appear self-evident, confusion has manifested itself in the ambivalent distinction between a court's "decision" and its "judgment." See *L.T.M. Builders* v. *Jefferson* (1980), 61 Ohio St. 2d 91 [15 O.O.3d 127]; *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43 [1 O.O.3d 26]; *Peters* v. *Arbaugh, supra; Shore* v. *Chester* (1974), 40 Ohio App. 2d 412 [69 O.O.2d 368].

The question is not only "when is a judgment a judgment?" — but also: "what constitutes a judgment?" See *Millies* v. *Millies, supra,* at 44. The question, in each case, is essentially *sui generis. Id.* However, insofar as this distinction between "decisions" and "judgments" is concerned, the current wisdom appears to hold that while Civ. R. 58 does *not* require a court's "judgment" to be incorporated on a written document *separate from* its "decision," *the better practice* is clearly for a trial court to file a separate document with the clerk, preferably one identifiable as a "judgment entry," which the clerk may then date and "enter" on the record. See *L.T.M. Builders* v. *Jefferson, supra,* at 95-96; *Millies* v. *Millies, supra,* at 44 ("[T]he case before us concerns an equivocal order not readily identifiable as a judgment entry, but rather one arguably intended by the trial judge as an announcement of his decision." *Id.*); see, also, Civ. R. 58. However, the Ohio Supreme Court has yet to hold, clearly and authoritatively, that Civ. R. 58 *requires* that a trial court's "judgment" be prepared and filed with the clerk as a separate document.

Yet, regardless of whether "decisions" and "judgments" should be filed and entered separately,[3] it is clear under the current interpretation of Civ. R. 58

---

[3] In *L.T.M. Builders* v. *Jefferson* (1980), 61 Ohio St. 2d 91 [15 O.O.3d 127], the Supreme Court stated that Civ. R. 58 "does not prohibit a decision from being entered on the same document as the judgment, but rather indicates that when a decision has been announced, *judgments should be entered promptly thereafter.*" (Emphasis added.) *Id.* at 96. Likewise, in *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43 [1 O.O.3d 26], the court, referring to *Shore* v. *Chester* (1974), 40 Ohio App. 2d 412 [69 O.O.2d 368], stated at 44, fn. 2:

"It should be sufficient to point out that *the written entry prepared and filed* in *Shore* v. *Chester* was identified as a 'decision and judgment entry,' and clearly and finally disposed of the dispute between the parties. Thus, it fulfilled the formal requirements of Civ. R. 58. * * *" (Emphasis added.)

Thus, whether this separately filed writing consists of a form document labeled "decision and judgment entry" or "opinion and judgment entry," or merely "judgment entry" or "journal entry," is unimportant under Civ. R. 58. See *L.T.M. Builders* v. *Jefferson, supra,* at 95-96; *Millies* v. *Millies, supra,* at 44, and at fn. 2. Crucially important, however, is *that* such a document be filed. This appears to be the better approach which the Supreme Court has implicitly endorsed. See *id.* The entry should appear in the record of the case as a separate document complete in itself.

that in order to be "effective" a court's judgment, whatever its form may be, must be *filed* with the trial court clerk for journalization. See Civ. R. 58; see, also, App. R. 4(A) (civil cases) and App. R. 4(B) (criminal cases). (We note that the following language is contained in both appellate rules: "A judgment or order is entered * * * *when it is filed* with the clerk of the trial court for journalization." [Emphasis added.])

This interpretation of what Civ. R. 58 requires goes far toward bringing into the twentieth century the judicial practice and procedure for entering formal judgments. Cf. *Hall* v. *K.V.V. Enterprises, supra,* at 140 (Whiteside, J., dissenting). This it does, not only "for the sake of a 'more intelligible record,' " see *L.T.M. Builders* v. *Jefferson, supra,* at 96, but also to augment the more rudimentary appellate concern of determining when a particular judgment is entered, "effective," and therefore final and appealable in civil cases under App. R. 4(A). See *Peters* v. *Arbaugh, supra,* at 32-33 ("Upon the entry of such a document on the court's record, the judgment becomes effective and the time in which a notice of appeal must be filed begins to run." [Citations omitted.]); *Rahm* v. *Rahm* (1974), 39 Ohio App. 2d 74, 82-83 [68 O.O.2d 225].

Accordingly, handwritten "notations" by a municipal judge on a case file-envelope or case jacket do not rise to the dignity and finality of a "judgment" from which an appeal will lie, *in the absence of evidence that it has been filed with the clerk of the trial court. Columbus* v. *McCreary, supra* (first and second paragraphs of the syllabus); cf. *Lima* v. *Elliott, supra.* For the same reason, the thirty-day time limit within which to file the notice of appeal does not begin to run unless and until that which the municipal court has ordered or decreed in its judgment is *filed* with the clerk of the trial court. And this brings us to the second problem with this appeal.

## II

App. R. 4(A), which applies to civil cases, *requires* that a "notice of appeal * * * be filed with the clerk of the trial court *within thirty days of the date of the entry of the judgment or order appealed from.*" (Emphasis added.) This rule also states: "A judgment or order is *entered * * * when it is filed with the clerk of the trial court for journalization.*" (Emphasis added.) The same requirements apply in criminal cases. See App. R. 4(B); Crim. R. 32(B). Furthermore, R.C. 1901.31, which establishes the office of municipal court clerk and which mandates certain duties for the clerk, provides, in pertinent part:

"(E) * * * He [the clerk] shall file and safely keep all journals, records, books, and papers belonging or appertaining to the court, record its proceedings, perform all other duties that the judges of the court may prescribe, and keep a book showing all receipts and disbursements, which book shall be open for public inspection at all times.

"The clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, of all which shall be the public records of the court. * * * *Under proper dates, he shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings. He shall also enter all reports, verdicts, orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action.*" (Emphasis added.)

This section, standing alone, strongly implies that the municipal court clerk is required, as part of his duties, to record the date various documents are filed in his office, including orders and judgments. As noted earlier, M.C. Sup. R. 7 requires compliance, in civil cases, with Civ. R. 58 and, in criminal cases, with Crim. R. 32(B) regarding the preparation, entry and journalization of judgments. In particular, M.C. Sup. R. 7

requires that such judgments be *"filed with the clerk* for journalization." (Emphasis added.) *Id.*

Since M.C. Sup. R. 7 refers to Civ. R. 58, and since R.C. 1901.21(A) (regarding procedure in municipal courts) provides a "gap-filler" rule which incorporates the practice and procedure in the courts of common pleas, see *Toledo Edison Co.* v. *Allen* (1983), 13 Ohio App. 3d 108, 111, Civ. R. 58's mandate regarding the filing and entry of judgments controls such procedure in municipal courts. That rule requires that a municipal court's order or judgment be reduced to writing promptly (called "preparing the judgment") and, once signed by the trial judge, the rule also requires that the document be filed with the clerk for journalization (*i.e.,* that it be "entered"). Civ. R. 58; see, also, App. R. 4(A). Any judgment or order *not* filed with the trial court clerk is not a "final appealable judgment or order." App. R. 4(A); see *American States Ins. Co.* v. *Newman* (1981), 2 Ohio App. 3d 14; *In re Hopple* (1983), 13 Ohio App. 3d 54. Such filing is usually evidenced by "file-stamping" the date of filing on the face of the document itself.

Of course, the practice of file-stamping judgment entries is not necessarily the only or the exclusive method that may be used to comply with Civ. R. 58, so long as there is some indication on the document *that* it was filed with the trial court clerk and, most importantly, *when.* See *American States Ins. Co.* v. *Newman, supra; In re Hopple, supra,* at 55, fn. 1; cf. *Hall* v. *K.V.V. Enterprises, supra,* at 138. But, whatever the particular method used, the practice of endorsing the date of filing on the judgment entry (or, for example, on notice of appeal) has been held to be "evidence that it was filed on that date," which is all that an appellate court needs to determine the timeliness of the appeal for jurisdictional purposes. See *In re Hopple, supra,* at 55 (and authorities cited therein).

Here, by contrast, even assuming that the trial court had prepared and filed a separate, formal judgment entry on July 24th, there is no indication on the face of the document *that* it was filed with the clerk — or, if it was so filed, *when.*[4] Hence, the "order" at issue here lacks final appealability for this reason, and the thirty-day time limit for appeal has not commenced to run.

Based upon the grounds heretofore explained in this opinion, the appeal *sub judice* is premature, and this court is without jurisdiction to entertain it. Accordingly, the instant appeal is hereby dismissed. This case is remanded to the Toledo Municipal Court for further proceedings not inconsistent with this opinion. It is so ordered.

*Appeal dismissed.*

CONNORS, P.J., and RESNICK, J., concur.

---

[4] As the Staff Note to Civ. R. 58 suggests, being able to ascertain the precise date a judgment has been filed is essential from an appellate court's perspective in determining whether there is a timely filed appeal vis-a-vis the filing of the notice of appeal by the appellant:

"The effective date of a judgment is extremely important for one reason among others because appeal time runs from the entry of a judgment or final order. * * *

"It should be noted in passing that selecting a day certain for the effective date of a judgment is somewhat troublesome. The effective date could be when the judge signs the judgment. Or when the signed judgment is filed with the clerk. Or when the clerk journalizes the judgment. Or when the parties are notified of the judgment. *The least troublesome effective date is the date selected by the rule, i.e., 'a judgment is effective only when filed with the clerk for journalization.' When the judgment is filed, the clerk should* [file-] *stamp it immediately and journalize it promptly.* * * *"* (Emphasis added.) Staff Note: 7-1-71 Amendment.