DECISION AND JOURNAL ENTRY
Appellant-plaintiff the city of Akron appeals from a judgment in the Akron Municipal Court against appellee-defendant Leonard Branham. Because the record fails to indicate that a final appealable order has been entered in the trial court, this Court is without jurisdiction to reach the merits of appellant's sole assignment of error.
Given this Court's disposition of the instant matter, the facts of this case need not be discussed in detail. On October 21, 1998, appellee was found guilty after a trial to the bench on five counts of violating Akron City Code 92.25. In handwritten notations on the case jacket, the trial court noted that appellee had been found guilty, imposed a fine for each count, and then suspended $250 of the $500 fine for count one; the court also suspended a portion of the fines for the remaining counts. Appellant appeals, asserting that the trial court exceeded its authority in suspending a portion of mandatory, nonsuspendable fines.
The order from which appellant appeals, however, is not a final appealable order. This Court has held that Crim.R. 32(B) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. State v. Morrison (Apr. 1, 1992), Medina App. No. 2047, unreported. Although the case jacket in the instant case bears the trial judge's handwritten notation of appellee's plea, the trial court's judgment, the sentence imposed, and the signature of the trial judge, the jacket fails to bear any evidence that it has been filed with the clerk, such as a time stamp. The Supreme Court of Ohio has held that "`handwritten notations" by a municipal judge on a case file-envelope or case jacket do not rise to the dignity and finality of a "judgment" from which an appeal will lie, in the absence of evidence that it has been filed with the clerk of the trial court.'" State ex rel.White v. Junkin (1997), 80 Ohio St.3d 335, 337, quoting WilliamCherry Trust v. Hofmann (1985), 22 Ohio App.3d 100, 105. See, also, State v. Weigand (Feb. 9, 1999), Medina App. No. 2860-M, unreported.
Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR