DECISION AND JOURNAL ENTRY
Appellant-defendant Floyd T. Smith appeals from criminal proceedings against him in the Akron Municipal Court. Because an appellate court is required to raise jurisdictional issues involving final appealable orders sua sponte, this Court must do so and dismiss the instant appeal. See In re Murray (1990),52 Ohio St.3d 155, 160 at fn. 2; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186.
Given this Court's disposition of the instant matter, the facts of this case need not be presented in detail. On November 14, 1998, Smith was involved in a traffic accident in the city of Akron. As a result, Smith was charged with driving under the influence, a violation of Akron City Code 73.01(A)(1), and with making a left turn into approaching traffic, a violation of Akron City Code 73.21. The matter proceeded to trial and on March 16, 1999, the trial court journalized an entry in which it noted that a jury verdict had been rendered against Smith on the driving under the influence charge; the trial court imposed a jail term of three hundred sixty-five days, a fine of $1,000, and a five-year license suspension. Smith appealed, asserting two assignments of error.
This Court is without jurisdiction to reach the merits of Smith's assignments of error, however, because the order from which he attempts to appeal is not a final appealable order. A review of the record indicates that, as noted, Smith was charged both with driving under the influence and with making a left turn into approaching traffic. The March 16, 1999 judgment entry imposes a sentence for the driving under the influence charge, but fails to include a disposition on the making a left turn into approaching traffic charge.
Such an omission renders the judgment entry not final and appealable. This Court has previously explained that Crim.R. 32(C) requires that a trial court's judgment of conviction contain (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the trial judge, and (5) the time stamp of the clerk to indicate journalization. Akron v. Branham (May 26, 1999), Summit App. No. 19342, unreported, citing State v. Morrison (Apr. 1, 1992), Medina App. No. 2047, unreported (interpreting former Crim.R. 32(B), now Crim.R. 32(C)). Courts have interpreted these requirements as imposing "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient under Crim.R. 32[(C)]."State v. Brooks (May 16, 1991), Cuyahoga App. No. 58548, unreported, citing State v. Brown (1989), 59 Ohio App.3d 1, 2. Therefore, the failure of an entry to dispose of the court's ruling as to each charge renders the order of the trial court merely interlocutory. See id. See, also, State v. Hamrick
(June 2, 1993), Licking App. No. CA-3675, unreported (holding that a journal entry that fails to reflect the disposition of a specification included in an indictment is not a final appealable order); State v. Skaggs (May 17, 1990), Cuyahoga App. No. 56714, unreported (holding that "[i]n the absence of an order expressly determining the court's disposition" of a charge, there is no final appealable order).
Although the trial court case jacket in the instant case bears the trial judge's handwritten notation of Smith's initial pleas of not guilty to both counts against him, the subsequent convictions, the sentences imposed for both charges, and the signature of the trial judge, the relevant portion of the jacket fails to bear any evidence that it has been filed with the clerk, such as a time stamp. The Supreme Court of Ohio has held that "`handwritten "notations" by a municipal judge on a case file-envelope or case jacket do not rise to the dignity and finality of a "judgment" from which an appeal will lie, in the absence of evidence that it has been filed with the clerk of the trial court.'" State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335,337, quoting William Cherry Trust v. Hofmann (1985),22 Ohio App.3d 100, 105. See, also, State v. Weigand (Feb. 9, 1999), Medina App. No. 2860-M, unreported.
Accordingly, because the record fails to indicate that a final appealable order has been entered in the trial court, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT.
SLABY, J., CONCURS.
BAIRD, P.J., DISSENTS.