[Cite as *State v. Jividen*, 2018-Ohio-1872.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. L-17-1035 |
| | L-17-1036 |
| Appellee | L-17-1037 |
| | |
| v. | Trial Court Nos. CR0199005104 |
| | CR0199006102 |
| Michael Jividen | CR0199005894 |
| | |
| Appellant | **DECISION AND JUDGMENT** |
| | |
| | Decided: May 11, 2018 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Orvelle E. Stifel, II, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this consolidated appeal, defendant-appellant, Michael Jividen, appeals

the January 13, 2017 judgment of the Lucas County Court of Common Pleas, denying his

motions to enter final appealable judgments of conviction and sentence. For the following reasons, we affirm.

## I. Background

{¶ 2} On October 26, 1990, appellant pleaded guilty to charges of aggravated murder, aggravated robbery, aggravated burglary, grand theft of a motor vehicle, and escape. The charges were contained in three separate case numbers. In case No. CR 199005104B, appellant pleaded guilty to aggravated murder and grand theft of a motor vehicle. A nolle prosequi was entered at sentencing as to the additional charges of two counts of aggravated murder and one count of intimidation. In case No. CR 199005894, appellant pleaded guilty to aggravated robbery and aggravated burglary. In case No. CR 199006102, appellant pleaded guilty to escape. On the same day, appellant was sentenced to life imprisonment on the count of aggravated murder, 10 to 25 years in prison on both the count of aggravated robbery and the count of aggravated burglary, two years in prison on the count of grand theft of a motor vehicle, and one and one-half years in prison on the count of escape. All of the sentences were ordered to be served consecutively.

{¶ 3} On December 10, 1990, appellant filed a pro se notice of appeal. On January 24, 1991, we sua sponte dismissed his appeal as untimely.

{¶ 4} Thereafter, in 1994, appellant filed a pro se petition for postconviction relief, in which he argued that his convictions were void or voidable because his pleas were

2.

involuntary and because he suffered ineffective assistance of counsel. Counsel was appointed for appellant for his postconviction petition, and three evidentiary hearings were held. Ultimately, the trial court denied appellant's petition, and we affirmed in *State v. Jividen*, 6th Dist. Lucas No. L-95-213, 1996 Ohio App. LEXIS 3443 (Aug. 16, 1996), *appeal not accepted*, 77 Ohio St.3d 1514, 674 N.E.2d 370 (1997).

{¶ 5} On September 10, 1996, appellant filed a second petition for postconviction relief, again arguing that he received ineffective assistance of counsel. The trial court denied appellant's petition on April 7, 1997. On May 13, 1997, appellant requested an extension of time to file his notice of appeal from the April 7, 1997 judgment, which we denied. Appellant then filed a notice of appeal and a motion to reinstate his appeal on June 2, 1997. We treated appellant's filings as a motion to reconsider our decision denying his request for an extension of time. On June 16, 1997, we denied appellant's motion and dismissed the appeal.

{¶ 6} Nineteen years later, on August 9, 2016, appellant filed his "Motion to Enter Final Appealable Judgment of Conviction and Sentence."[1] In his motion, appellant argued that the October 26, 1990 "Judgment Entry of Sentence" was not a final appealable order because (1) it failed to recite "the fact of conviction" as required by Crim.R. 32(C), (2) it did not dispose of all of the charges against him, and (3) it violated

---

[1] Appellant filed the same motion in all three of his case numbers. For ease of discussion, we will refer to these actions collectively in the singular.

3.

the one document rule of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 7} On January 13, 2017, the trial court entered its judgment denying appellant's motion. The trial court reasoned that under the law in effect in 1990, the entries met the requirements of Crim.R. 32, and thus were final appealable orders. Further, the court found that the entries disposed of all of the charges against appellant. Finally, the court found that the one document rule in *Baker* did not apply to the judgments entered 18 years earlier, and noted that appellant was sentenced in three separate cases.

{¶ 8} Appellant has timely appealed the trial court's January 13, 2017 judgment, and now asserts one assignment of error for our review:

> I. The trial court erred in denying appellant's motion to enter a final, appealable Crim.R. 32 compliant judgment in the underlying cases.

## II. Law and Analysis

{¶ 9} As a threshold matter, appellant questions whether a direct appeal from the trial court's January 13, 2017 judgment denying his motion to enter a final appealable judgment of conviction is appropriate, or whether his relief lies in the form of a petition for a writ of mandamus or procedendo.

{¶ 10} In *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, the petitioner sought a writ of mandamus or procedendo to compel the trial court to issue a final, appealable judgment of conviction in compliance with Crim.R.

32(C). The Ohio Supreme Court dismissed the petition, reasoning that the petitioner could have appealed the trial court's order granting in part, and denying in part, his motion to correct his sentence. Thus, the Ohio Supreme Court held that the petitioner had an adequate remedy in the ordinary course of law, which precluded an action for mandamus or procendo. *Id.* at ¶ 12. *See also State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 5 (dismissal of mandamus action is correct where the petitioner could have appealed the trial court's denial of the petitioner's motion for a final, appealable order). Therefore, we hold that a direct appeal is proper in this instance.

{¶ 11} Turning to the merits of appellant's appeal, appellant argues that his judgment entry of sentence is not a final appealable order in compliance with Crim.R. 32(C) and *Baker* because it fails to recite the fact of his conviction, in contrast to the manner of his conviction.

{¶ 12} Crim.R. 32(B) in effect at the time of appellant's conviction provided, "A judgment of conviction shall set forth the plea, the verdict or findings and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk." Crim.R. 32(B) was later amended, and renumbered Crim.R. 32(C). In interpreting Crim.R. 32(C), the Supreme Court of Ohio has clarified that "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1)

5.

the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶ 13} Assuming for purposes of this analysis that *Lester* applies with equal force to convictions entered under a prior version of Crim.R. 32(C), we find that the record in this case contains a fully compliant judgment entry of conviction. Although appellant points to the "Judgment Entry of Sentence" as the relevant document, the "Trial Docket Orders and Motion Docket Entries" contains a more thorough entry. The October 26, 1990 entry in case No. CR 199005104B states,

Defendant present in court with counsel * * *. Defendant being fully informed of the nature of the charges against him, the penalties provided for by law, and of his constitutional rights, withdrew his former pleas of not guilty and entered a plea of guilty to count 1 charging aggravated murder, an unclassified felony, in violation of Sec. 2903.01(B) ORC, and entered a plea of guilty to count 4 charging grand theft, motor vehicle, a third degree felony, in violation of Sec. 2913.02(B) ORC. Pleas of guilty accepted. Thereafter, matter came on for sentencing. Counsel for defendant and defendant were permitted to make any statements before sentence was imposed. Thereupon, the Court having taken into consideration the matters set forth in Sec. 2929.12 ORC and other matters

6.

pertinent to the sentence which should be imposed, for violation of Sec.

2903.01(B), aggravated murder, defendant ordered committed to the Ohio

Department of Rehabilitation and Correction, specifically Correctional

Reception Center, for a period of life imprisonment; and for violation of

Sec. 2913.02 ORC defendant ordered committed to Ohio Department of

Rehabilitation and Correction, specifically Correctional Reception Center,

for a period of two years; pay costs of prosecution. Sentences in counts 1

and 4 are ordered served consecutively to each other and to each sentence

imposed in CR90-6102 and CR90-5894. At the request of the State of Ohio

and for good cause shown, a nolle prosequi is ordered entered herein as to

all remaining counts and all attached specifications.

This entry was signed on the docket by the trial court judge and file stamped as a

judgment entry by the clerk of courts, thereby complying with the requirements of

Crim.R. 32(C) and *Lester*.[2]

{¶ 14} Appellant argues that the entry on the trial court's docket is insufficient,

noting that the docket and the journal are two separate documents required to be kept by

the clerk. *See* R.C. 2303.12 ("The clerk of the court of common pleas shall keep at least

four books. They shall be called the appearance docket, trial docket and printed

duplicates of the trial docket for the use of the court and the officers thereof, journal, and

---

[2] Similar entries were entered in case Nos. CR199006102 and CR 199005894.

7.

execution docket."). Appellant relies on *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997), to illustrate that an entry on a docket is not sufficient.

{¶ 15} In *Junkin*, the trial court orally pronounced a sentence upon the defendant, and recorded the sentence on the case file jacket and initialed the decision. The trial court's case notations were then entered into the computerized court docket by an official in the clerk's office. The Ohio Supreme Court held that this procedure did not result in a final judgment of conviction. The court reasoned that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Id.* at 337, quoting *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 4, 476 N.E.2d 1019 (1985). Further, the court recognized that "handwritten 'notations' by a municipal judge on a case file-envelope or case jacket do not rise to the dignity and finality of a 'judgment' from which an appeal will lie, *in the absence of evidence that it has been filed with the clerk of the trial court*." (Emphasis sic.) *Id.*, quoting *William Cherry Trust v. Hofmann*, 22 Ohio App.3d 100, 105, 489 N.E.2d 832 (6th Dist.1985). Likewise, "regardless of the trial court's intention * * * the [docket] form is still insufficient under Crim.R. 32[B] because it bears no time stamp or other indication that it was entered on the trial court's journal by the clerk." *Id.*, quoting *State v. Ginocchio*, 38 Ohio App.3d 105, 106, 526 N.E.2d 1366 (12th Dist.1987).

8.

**{¶ 16}** Here, unlike *Junkin*, the entry on the docket was separately signed by the trial court judge, and filed stamped as a "judgment entry" by the clerk of courts, thus indicating that it had been filed with the clerk for journalization.[3] Moreover, the October 26, 1990 entry disposed of all the charges pending against appellant in one document by sentencing him on the counts for which he was found guilty, and dismissing the remaining counts and specifications. Therefore, we hold that the October 26, 1990 entry was a final appealable order, and the trial court did not err in denying appellant's motion for a final judgment of conviction.

**{¶ 17}** Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

**{¶ 18}** We find that the October 26, 1990 entry on the trial court's docket, which found that appellant pleaded guilty to the charges, sentenced appellant, and dismissed any remaining pending charges, and which was separately signed by the trial court judge and file stamped as a judgment entry by the clerk, was a final appealable order. Therefore, appellant is not entitled to a new final judgment of conviction, and we find his first assignment of error not well-taken.

---

[3] Notably, two months before *Junkin* was released, the Ohio Supreme Court enacted Sup.R. 26, which defined "journal" as "a verbatim record of every order or judgment of a court," and provided that "[n]otwithstanding any other provision of the law, a court may combine indexes, dockets, journals, and case files provided that the combination contains the components of indexes, dockets, journals, and case files as defined in this rule and Sup.R. 26.01 to 26.05." Sup.R. 26(B)(4) and (C).

9.

**{¶ 19}** We affirm the January 13, 2017 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         

James D. Jensen, J.         

Christine E. Mayle, P.J.     
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.