BOARD OF COMMISSIONERS OF COLUMBIANA COUNTY, APPELLEE, *v.*
SAMUELSON ET AL., APPELLANTS.

[Cite as Bd. of Commrs. of Columbiana Cty. *v.* Samuelson (1986),
24 Ohio St. 3d 62.]

(No. 85-1344—Decided May 28, 1986.)

*David Tobin,* prosecuting attorney, for appellee.
*Zagula, Hill, Dittmar & Thomas* and *Barry M. Hill,* for appellants.

*Per Curiam.* The sole issue presented upon appeal is whether the agreement between the parties of December 1, 1983 constituted a satisfaction of the October 24, 1983 trial court judgment. We hold that, as a matter of law, the terms of the agreement were sufficient to satisfy the trial court's judgment and, accordingly, the purchase agreement between the parties now embodies their rights and obligations pertaining to the purchase and sale of the subject property.

The proponent of a motion to satisfy the judgment must demonstrate what the parties intended as a replacement for the judgment awarded. In the present case, there was no dispute that the parties intended to, and did, form an oral agreement, the purpose of which was to settle their dispute and end the litigation. There was, however, a conflict in the testimony as to the terms of such oral agreement. The unenviable task of the courts below was to determine whether, as the commissioners claim, there was to be satisfaction of judgment only after appellants paid for the property in full, or whether, as appellants claim, the surrender of their right to appeal was given in exchange for their act of entering into the purchase agreement. Apparently, the courts below were unconvinced that appellants had met their burden of proof and, consequently, dismissed the motion to satisfy judgment. We believe that appellants adequately supported their motion and demonstrated the existence of a completed compromise and settlement.

"It is common sense that the law favors 'the prevention of litigation, by the compromise and settlement of controversies.' " *State, ex rel. Wright,* v. *Weyandt* (1977), 50 Ohio St. 2d 194, 197 [4 O.O.3d 383], quoting *White* v. *Brocaw* (1863), 14 Ohio St. 339, 346; and *Shallenberger* v. *Motorists Mut. Ins. Co.* (1958), 167 Ohio St. 494, 505 [5 O.O.2d 173]. Such settlement extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claim the new rights and obligations agreed to. See, *e.g.,* 15 Ohio Jurisprudence 3d (1979) 525-526, Compromise, Accord and Release, Section 13. Certainly, a compromise and settlement of a claim, before or after a trial court renders judgment, may effectively bar any later pursuit of the original claim. Furthermore, where a party has taken the benefits and secured the advantages of an agreement of compromise and settle-

ment, he will be conclusively estopped from asserting any claim against that which was released or assured to the other party to such agreement. See *White* v. *Brocaw, supra,* at 347-348. Nor do we doubt that the release of a good and valid appeal is sufficient consideration for an agreement of compromise and settlement. *Wood* v. *Archer* (1825), 2 Ohio 22, 23.

The issue in this case is therefore reducible to the question of what was intended by the parties as a present exchange for the appellants' right to appeal the former judgment. The single rational conclusion to be drawn from the evidence of the conduct of the parties presented below is that the parties intended the entry into the purchase agreement to constitute the full and present exchange of value for such right of appeal.

Testimony of counsel for the commissioners established that they intended to be bound by the terms of the purchase agreement. They acted accordingly by purchasing a title insurance policy, obtaining drawings from the county engineer, and publicly asserting rights under the purchase agreement. Also, the commissioners apparently gave appellants various rights which had, in fact, formed the basis of their prior refusal to settle, and were at the heart of the original action for specific performance. Such evidence directly implies the exclusive nature of the purchase agreement as the sole basis for the legal rights of the parties.

The fact that appellants surrendered their rights of appeal on the judgment and thereafter paid an $85,600 down payment at the signing of the purchase agreement surely evidences their subjective intent to exchange their right of appeal for said purchase agreement. While we refrain from comment as to the merits of such appeal, we do note that a good faith dispute remained for appeal. Had appellants agreed to a mere executory accord, then from the moment their voluntary dismissal of appeal became effective, their rights under the purchase agreement would be subject to execution of the former judgment, and therefore meaningless. The only defense to such superior rights under the former judgment would be full payment of the judgment amount with no requirement to assert any right or obligation under the purchase agreement. It becomes quite apparent that the commissioners would have small use for a purchase agreement, particularly one containing such extensive rights and obligations of the parties.

The inclusion in the purchase agreement of provisions for the final exchange of the remaining balance of the purchase price for the deed to the property implies that this provision was not contemplated as necessary to complete appellants' performance at the time of signing the purchase agreement. There would be no need to include in such an agreement a provision fully enforceable under a prior judgment unless the agreement was intended to substitute for such judgment. Finally, it is most unbelievable that the parties intended that the obligations of the commissioners under the purchase agreement to provide good title, free of liens and useful for the advertised purpose, would not be enforceable against the commis-

sioners until *after* the closing of the transaction. Such agreements customarily provide that the purchase and sale transaction are to be consummated only if all of the conditions contained therein are met.

For all of the above reasons, we hold that the rights and obligations of the parties are determined by the purchase agreement, and that such purchase agreement is in compromise and satisfaction of the trial court judgment of October 24, 1983.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., HOLMES, C. BROWN and WRIGHT, JJ., concur.

PARRINO, LOCHER and DOUGLAS, JJ., dissent.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

DOUGLAS, J., dissenting. I respectfully dissent. The decision of the majority will permit a continuation of the efforts of appellants at frustrating and avoiding the consequences of their agreement to purchase the property in question. In accordance with law, the appellee commissioners advertised for bids. The appellants submitted a bid and their bid was accepted. It is obvious that intervening circumstances have caused appellants to change their minds, but such events should not be permitted to summarily do away with their legal obligations pursuant to the contract which came into effect immediately upon the acceptance of the bid by the county commissioners.

In affirming the well-reasoned opinion of the trial court, the court of appeals did so in language that cannot be improved upon, to wit:

"It is the standard procedure in Ohio for the party, who is entitled to an entry of satisfaction of a judgment rendered against him, to obtain an order for such entry on motion and proof of payments. *Edwards* v. *Passarelli Bros. Automotive Service, Inc.* (1966), 8 Ohio St. 2d 6 [37 O.O.2d 298]. The burden was upon the movants in this case to prove to the satisfaction of the court that the previous judgment entered by the court had been satisfied. The bare-bones facts of an agreement, along with a purchase agreement, is [sic] not tantamount to satisfaction of the judgment. The replacement of an abiding and final judgment, by an executory contract, certainly does not amount to satisfaction of the judgment unless and until all of the conditions of the replacement contract are met."

I would affirm the judgment of the court of appeals and put an end to this charade. Upon payment, by appellants, of the sum due, the appellee will transfer the property free and clear of encumbrance and in accordance with the parties' original agreement.

PARRINO and LOCHER, JJ., concur in the foregoing dissenting opinion.