### Ohio Bar Liability Ins. Co.
### v.
### INA Underwriters Ins. Co.
*[Cite as 8 AOA 10]*

*Case No. C-890651*
*Hamilton County, (1st)*
*Decided November 7, 1990*

*James W. Gustin, Chiquita Center, 250 East Fifth Street, Suite 1405, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Gary D. Bullock, Patrick D. Lane, and Paula S. Welker, Dinsmore & Shohl, 2100 Fountain*

*Square Plaza, 511 Walnut Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

An Ohio legal firm held a policy of professional liability insurance issued by INA Underwriters Insurance Company ("INA") under the terms of which the members of the firm and its lawyer employees were the insured ("insured"). On March 5, 1985, at the termination of the policy period, as extended, an extended-discovery-period endorsement became effective. Also on March 5, 1985, the insured obtained coverage under a similar professional liability insurance policy issued by the Ohio Bar Liability Insurance Company ("OBLIC").

During the INA policy period, a complaint was filed against the insured in a California state court ("first case"). The first case was settled as reflected by a stipulated judgment and order in which, among other things, the California court retained jurisdiction to enforce the terms of the settlement agreement. The insured breached one of the terms of the settlement agreement relative to the notice to be given to the plaintiff in the first case ("Pettit") if there should be a default in payment of a certain installment obligation. The failure of the insured to give that notice and the subsequent commencement by the insured of an action in foreclosure occurred during the extended discovery period of the policy issued by INA. Specifically, the notice was not sent until December 3, 1985, and the foreclosure action was filed February 4, 1986.

On April 9, 1986, Pettit commenced an action in the California court against the insured alleging a breach of the settlement agreement ("second case"). The insured notified OBLIC of the pendency of the second case and when OBLIC denied coverage, the insured gave notice of the second case to INA. Coverage of the claim was also denied by INA on the contention that the acts constituting the basis for the second case occurred after the INA policy expired. OBLIC then agreed to defend the insured under a reservation of rights.

The case before this court for review was commenced on January 29, 1988, with OBLIC filing a complaint against INA seeking a declaratory judgment that OBLIC was not obligated to defend the insured in the second case; that the insured is not entitled to recover under its policy with OBLIC; that the INA policy in effect during the first case also covers the second case;

and that INA be required to defend the second case.[1] OBLIC and INA filed their respective motions for summary judgment. The trial court granted the motion of OBLIC and denied the motion filed by INA. The court announced its rulings by an "entry of decision" that it caused to be journalized on July 25, 1989. In that document, it requested that a judgment entry be presented on August 23, 1989.[2] Two days before the judgment entry was to be presented, INA filed a motion to set aside the decision and to reopen discovery. The lower court, on motion, struck INA's motion to set aside the decision and to reopen discovery, and on September 22, 1989, entered summary judgment against INA.

In its appeal, INA advances two assignments of error:

"first, INA assigns as error the denial of its motion to set aside the decision and to reopen discovery and the striking of that motion; second, INA claims error in the denial of its motion for summary judgment and the granting of OBLIC's motion for summary judgment."

I

Orders made in discovery matters under the Ohio Civil Rules are in the discretionary power of the court. *State, ex rel. Daggett, v. Gessaman* (1973), 34 Ohio St. 2d 55, 295 N.E.2d 659, paragraph one of the syllabus. Therefore, the ruling of the common pleas judge on the motion to reopen discovery must stand unless there is an abuse of judicial discretion manifest upon the record before us. That term, abuse of discretion, "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Pembaur v. Leis* (1982), 1 Ohio St. 3d 89, 91, 437 N.E.2d 1199, 1201. Judicial discretion is to be "guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." *Krupp v. Poor* (1970), 24 Ohio St. 2d 123, 265 N.E.2d 268, paragraph two of the syllabus. The record does not reflect an abuse of discretion in the denial of the motion of INA to set aside the decision on the motions for summary judgment and to reopen discovery.

The entry of decision dated July 25, 1989, is not a final order. The trial judge did not intend it to be a final order because the final sentence of that entry orders that the judgment entry be presented by August 23, 1989. Therefore, the entry of decision was interlocutory in

character and subject to modification, upon further consideration, at any time before the final entry of judgment. See *William Cherry Trust v. Hofmann* (1985), 22 Ohio App. 3d 100, 489 N.E.2d 832. There being no final judgment, *Pitts v. Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 423 N.E.2d 1105 is inapplicable, and a motion to vacate or to reconsider the interlocutory decision is a permissible method, if not the only method, to petition the court to address again an issue in the light of further law or facts. It was therefore error for the court to strike the motion to set aside the decision and to reopen discovery. That error is without prejudicial effect, however, because the court entertained argument on the procedural issue as well as on the merits of the motion to reopen discovery. The record lacks indicia of any abuse of discretion and, therefore, the first assignment of error is overruled.

## II

As previously noted herein, this action was commenced by OBLIC seeking a declaratory judgment. We have in the past questioned the efficacy of summary judgment in an action for a declaratory judgment. In the case on review, the stipulation of all the facts would seem to answer that question, particularly, because the sole declaration sought was whether INA was obligated to defend the insured in the second case. In turn, that question depends on the origin of the second case: "is it a continuation of the first case or a new case?" The common pleas court ruled that the second case was "legally, a continuation or extension of the first action and [that] the claims in the second action arose out of conduct originally covered by [INA's] policy of coverage." Further, the trial court held in its entry of decision that "[INA's] contract covering 'claims made' incidents is applicable" to the facts stipulated. In this case the trial court failed to apply the law as announced in *Bd. of Commrs. of Columbiana Cty. v. Samuelson* (1986), 24 Ohio St. 3d 62, 493 N.E.2d 245. The Ohio Supreme Court there held that a compromise and settlement of a controversy "extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claim the new rights and obligations agreed to." *Id.* at 63, 493 N.E.2d at 247.

Applying *Samuelson* to the stipulated facts in the case on review, we hold that the claim made in the second case did not arise from an act of malpractice during the INA policy period.

The trial court erred to the prejudice of INA when it granted summary judgment in favor of OBLIC and denied summary judgment in favor of INA. The second assignment of error is well made.

The judgment appealed from is reversed and the cause remanded to the trial court for further proceedings consistent with the law.

UTZ, P.J., DOAN and KLUSMEIER, J.J.

---

[1] We note that the complaint sought, in part, a declaratory judgment that the insured is not entitled to recover under its policy with OBLIC. The trial court could not make any binding declaration of the rights of the insured because the insured was not made a party to the action by OBLIC. R.C. 2721.12. See *Cannon v. Perk* (1976), 46 Ohio St. 2d 301, 348 N.E.2d 342.

[2] Caution is advised in the use of the "Entry of Decision." Although the appellee in this case has not questioned the timeliness of the appeal, the possibility of confusion exists when the journal reflects an "entry" of decision. Does the appeal time start to run on the date of the entry? It would seem that the possibility of confusion would be obviated by the usual practice of filing a memorandum of decision.