DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On August 29, 2000, the Summit County Court of Common Pleas ruled that Appellee, the City of Green, ("City"), was required to pay court costs in the amount of $237.30. Appellant, Gary Clair, ("Clair"), appeals this decision. We affirm.
 I.
This appeal arises out of a dispute over a post-settlement issue. On July 2, 1999, the City filed a complaint against Clair seeking injunctive and declaratory relief. The complaint alleged that Clair was in violation of several zoning ordinances for a garage structure that he had recently built. Clair answered and raised two counter-claims against the City. On April 6, 2000, the trial court granted the City's motion to dismiss Clair's counter claims.
The parties reached a settlement agreement that was journalized on April 21, 2000. According to the agreement Clair agreed: 1) to not reside in or allow others to reside in the structure; 2) to not conduct business or allow others to conduct business in the structure and 3) to abide by all existing City of Green zoning ordinances. The City agreed to "pay the cost of this matter."
On May 8, 2000, Clair moved for an order to compel payment of his "costs" from the case. He alleged costs in the amount of $5,892.00. This amount included costs for witness subpoenas, attorney fees, witness fees, copies and $32.00 per hour for the 165.5 hours that Clair spent preparing the papers filed in the case. The record reflects that Clair is not an attorney and that he litigated this matter pro se.
The magistrate found that as of July 11, 2000, the court costs were $237.30. The City was ordered to pay this amount. Neither party filed objections to the magistrate's decision. On August 29, 2000, the trial court found that the City was required to pay $237.30 in court costs.
Clair timely appeals to this Court raising five assignments of error.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING ONLY COURT COSTS IN THAT THE SETTLEMENT AGREEMENT SPECIFICALLY STATES "THE COST OF THIS MATTER TO BE PAID BY PLAINTIFF." THE TRIAL COURT ABUSED ITS DISCRETION AND IS LIMITED, BY DEFINITION, TO EXCLUDING ONLY THOSE COSTS WHICH ARE UNUSUAL OR EXCESSIVE. DEFENDANT WAS ENTITLED TO ALL HIS LITIGATING COSTS AS A MATTER OF LAW.
 In his first assignment of error, Clair argues that the trial court abused its discretion in determining that "cost," as it was used in the settlement agreement, referred to only court costs. He asserts that the trial court did not determine: 1) if his costs contained litigation or personal expenses or 2) if the costs should be taxed to the City.
Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. Wright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported, at 3; see Hopson v. Bur. ofWorkers' Comp. (1993), 88 Ohio App.3d 196, 200 (stating that "claims not raised in the trial court may not be raised on appeal").
In his reply brief, Clair argues plain error. Ohio law has long recognized, in civil cases, that "failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. The plain error doctrine is not favored in appeals of civil cases and
 may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
 Id. at syllabus. The instant case is hardly that rare case to which the plain error doctrine is applicable.
Accordingly, we find that Clair failed to raise this issue in the trial court, and may not now do so on appeal. Clair's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S DEMAND FOR A TRIAL BY JURY AS WAS AFFIRMATIVELY DEMANDED AND NOT WAIVED BY DEFENDANT/APPELLANT. DEFENDANT/APPELLANT IS ENTITLED TO A TRIAL BY JURY AS A MATTER OF LAW.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN DISMISSING DEFENDANT/APPELLANT'S COUNTER-CLAIM; AS THE TRIAL COURT DID CONSIDER OUTSIDE MATERIAL AND DID NOT CONVERT TO A MOTION FOR SUMMARY JUDGMENT; AS A CLAIM UPON WHICH RELIEF CAN BE GRANTED WAS STATED IN [THE] COUNTER-CLAIM; AND AS SUCH, PLAINTIFF/APPELLEE WAS NOT ENTITLED TO A [CIV.R. 12(B)(6)] DISMISSAL OF DEFENDANT/APPELLANT'S COUNTER-CLAIM AS A MATTER OF LAW.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO DISMISS PLAINTIFF/APPELLEE'S COMPLAINT, IN THAT THE TRIAL COURT DID NOT EXCLUDE OUTSIDE MATERIALS FROM CONSIDERATION, AND DID NOT CONVERT TO MOTION FOR SUMMARY JUDGMENT, AND DID NOT RESPOND TO DEFENDANT/APPELLANT'S MOTION FOR SUMMARY JUDGMENT, NOR REVIEW THE VALIDITY OF SUCH OUTSIDE MATERIAL AS REQUESTED BY DEFENDANT/APPELLANT. WITH THE PROPER EXCLUSION OF MATERIAL OUTSIDE OF PLEADINGS, DEFENDANT/APPELLANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Assignment of Error No. 5:
 TRIAL COURT ERRED IN GRANTING PLAINTIFF/APPELLEE'S MOTION TO STRIKE INTERROGATORIES SENT TO FORMER LAW DIRECTOR IN THAT APPLICABLE CIVIL RULES OF PROCEDURE WERE NOT CITED AND (OR) WERE INCORRECTLY CITED, INCORRECTLY DEFINED AND THAT PLAINTIFF/APPELLEE IS NOT ENTITLED TO GRANTING OF [sic] MOTION AS A MATTER OF LAW.
 Assignments of error two through five are related and will be discussed together. Clair argues that it was error for the trial court to: 1) deny his right to a jury trial, 2) dismiss his counter claims, 3) deny his motion to dismiss the City's claims and 4) strike his interrogatories.
The record reflects that Clair and the City entered into a settlement agreement. As a general rule of law, a settlement agreement is a compromise achieved by the adverse parties in a civil action before final judgment whereby they agree between themselves upon their respective rights and obligations, thus eliminating the necessity of judicial resolution of the controversy. When parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Spercel v. Sterling Industries, Inc. (1972),31 Ohio St.2d 36, 40.
"[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation." Continental W. Condominium UnitOwners Assn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502, citing Spercel, 31 Ohio St.2d at 38. Therefore the settlement "extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claim the new rights and obligations agreed to." Bd. of Commrs.of Columbiana Cty. v. Samuelson (1986), 24 Ohio St.3d 62, 63.
For the forgoing reasons we find that the issues raised in the second through fifth assignments of error were encompassed in the settlement agreement and therefore moot. The second, third, fourth and fifth assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., SLABY, J., CONCUR.