This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Helen Thomas, appeals from a judgment of the Summit County Court of Common Pleas that distributed the proceeds from a sheriff's sale of property in which she held an interest. This Court affirms.
On April 11, 1996, Earl Helman filed this action against Thomas, asserting several claims including breach of lease and foreclosure. For many years, Thomas had been residing in a house on Smith Road in Bath, Ohio ("the property") pursuant to an agreement with the owner, Helman. The primary dispute throughout most of this litigation was the nature of the agreement between the parties. It was Thomas's position that she had a land contract with Helman; Helman maintained that his agreement with Thomas was merely a lease. Through his complaint Helman raised several claims including breach of lease. Thomas counterclaimed, asserting a claim for breach of the land contract.
Through an agreement dated August 1, 1998, the parties settled the case. The agreement provided, among other things, that Thomas would promptly sell the property and pay off the mortgage. On August 10, 1998, Helman moved the trial court to enforce the settlement agreement because Thomas was refusing to honor its terms. Following a hearing on the motion, the trial court found that the parties had entered into a binding settlement agreement and incorporated that agreement into its judgment entry.
The trial court later ordered that the property be sold by the sheriff. Thomas's former attorney, who was granted leave to intervene, filed a request for a share of the proceeds from the sheriff's sale, attaching a copy of a document in which Thomas had assigned $15,000 of her interest in the property to him as payment for legal services. Thomas filed no opposition to her former attorney's request for a portion of the proceeds. After the property was sold at sheriff's sale, the trial court ordered that $77,210.95 of the proceeds be disbursed to satisfy the mortgage and that the remaining balance, not to exceed $15,000, be paid to Thomas's former attorney. There were no proceeds remaining to be distributed to Thomas. Thomas appeals and raises three assignments of error.
 Assignment of Error I The land contract of Appellant Helen L. Thomas was entitled to priority over the mortgage interest of Bank One which was recorded after the land contract.
Thomas contends that the trial court erred in determining that the proceeds from the sheriff's sale should be used to satisfy the mortgage on the property before any proceeds were distributed to her. Thomas bases her argument on the position she asserted in her original complaint: that she had a land contract with Helman, that her interest was recorded before the mortgage, and that she and Helman had agreed that he would not encumber the property with any further mortgages. All of Thomas's claims, however, were merged into the parties' settlement agreement.
When the parties entered into a settlement, they explicitly agreed to dismiss with prejudice "each and every claim asserted by Helman against Thomas * * * and each and every claim asserted by Thomas against Helman[.]" Such settlement extinguishes the original rights or claims and corresponding obligations of the parties. Bd. of Commrs. v. Samuelson
(1986), 24 Ohio St.3d 62, 63. Therefore, any land contract rights that Thomas may have had were extinguished to the extent that they were not reflected in the settlement agreement. The settlement agreement explicitly provided that, following the sale of the property, the mortgage would be paid from the proceeds before any balance was paid to Thomas. Because the trial court merely distributed the proceeds according to the agreement of the parties, Thomas has failed to demonstrate any error. The first assignment of error is overruled.
 Assignment of Error II The trial court erred in enforcing a settlement agreement where the attorney for Appellant did not have specific authority from Appellant to settle the case and Thomas' attorney had a personal interest in the settlement.
Thomas asserts that the trial court erred in enforcing the settlement agreement because she had not authorized her attorney to settle the case on those terms. "Absent specific authorization, an attorney has no implied or apparent authority to compromise and settle his client's claims." Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 326, citing Morr v. Crouch (1969), 19 Ohio St.2d 24, paragraph two of the syllabus. Whether an attorney had authorization to settle a case on certain terms is a question of fact, and the trial court's finding will not be reversed on appeal unless it is against the manifest weight of the evidence. See Garrison, supra, at 327.
When reviewing the weight of the evidence, this Court applies the same test in civil cases as it does in criminal cases. Tewarson v. Simon
(2001), 141 Ohio App.3d 103, 115. "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Thomas's former attorney testified that he knew that he could not settle the case without Thomas's prior authorization and that he believed that she had given him such authority. He did not testify concerning the details of his conversations with Thomas, indicating that those conversations were protected by attorney-client privilege. The attorney further testified that he spent a great deal of time explaining the terms of the settlement to Thomas and that she agreed to them.
The trial court explained to Thomas, who appeared at the hearing prose, that she could waive the attorney-client privilege and ask her former attorney questions about their conversations. Thomas asked no such questions, however, nor did she testify as to what she had or had not authorized her former attorney to do. In fact, she offered no evidence to dispute her former attorney's testimony that he believed he had Thomas's express authority to settle the case on the terms contained in the settlement agreement. Therefore, the trial court did not lose its way in determining that Thomas's former attorney was authorized to settle this case on her behalf on the terms ultimately agreed to.
Thomas also asserts that her former attorney should not have been involved in the settlement negotiations because she had assigned $15,000 of her interest in the property to him. Essentially, she suggests that her former attorney had a conflict of interest in this matter. Thomas made no mention of such a potential conflict at the settlement enforcement hearing, however, nor did she raise this issue at any other time in the trial court. Generally, in civil cases, errors which arise during the proceedings and are not brought to the attention of the trial court by objection, or otherwise, at the time they could be remedied, are waived and may not be reviewed on appeal. LeFort v. Century 21 —Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Because Thomas failed to preserve this issue for appellate review, this Court will not address it. Thomas's second assignment of error is overruled.
 Assignment of Error III The trial court erred in awarding Skidmore Associates L.P.A. the balance of the proceeds.
Thomas maintains that the trial court erred, for three alternative reasons, in awarding a portion of the proceeds from the sheriff's sale to her former attorney. On December 15, 1998, Thomas's former attorney filed a notice with the trial court that two years earlier Thomas had assigned $15,000 of her interest in the property to him because she was unable to pay him attorney fees.[1] Thomas's former attorney requested that the trial court award him a portion of the proceeds from the sheriff's sale up to the amount of the assignment. On September 8, 2000, the trial court determined that the assignment was valid and that Thomas's former attorney was entitled to a share of the proceeds, up to $15,000, remaining after payment of the mortgage.
Although her former attorney's request for a portion of the proceeds was pending before the trial court for nearly twenty-two months before the trial court's final judgment, Thomas never filed any written opposition to it, despite the fact that she was represented by her current counsel throughout that period. Thomas's current counsel requested an oral hearing on the distribution of proceeds and the trial court's judgment entry suggests that a hearing was held.[2] Thomas failed to include a transcript of any such hearing in the record, however.
Again, Thomas makes allegations about her former attorney that she did not preserve for appellate review. There is nothing in the record before this Court to suggest that Thomas raised any of the three arguments that she now raises on appeal. Consequently, Thomas has waived these issues on appeal. See LeFort, 32 Ohio St.3d at 123. The third assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] The parties stipulated that the assignment of interest was filed with the Summit County Recorder's office on August 7, 1998.
[2] The trial court, in its entry, refers briefly to an argument raised by Thomas that appears nowhere else in the record. That argument is not similar to any of the three arguments she now raises on appeal.