OPINION
{¶ 1} Appellants, Neil J. Conway, Sr. and Jeanne L. Conway (Educational Trust No. 1), Christine Emerick, Jeanne Wagner, Keith Conway, Barry Conway, Sean Conway, and Rachael Meaney, appeal from the June 8, 2006 judgment entry of the Lake County Court of Common Pleas, affirming the report of the Special Master. *Page 2 
 {¶ 2} On March 21, 2005, appellees, Seanna Conway and Neil Conway III, filed a complaint against appellants for money damages, punitive damages, and the removal of the trustees of the Neil J. Conway, Sr. and Jeanne L. Conway Educational Trust No. 1 ("the trust").[1] On May 25, 2005, appellants filed an answer and counterclaim.[2]
 {¶ 3} On June 3, 2005, appellees filed a motion for default judgment. Appellants filed a brief in opposition on June 8, 2005. Appellees filed a response on June 14, 2005. Pursuant to its June 15, 2005 judgment entry, the trial court denied appellees' motion for default judgment.
 {¶ 4} On June 28, 2005, appellees filed a reply to appellants' counterclaim. On August 12, 2005, appellees filed a motion for leave to file an amended complaint, which *Page 3 
was granted by the trial court on August 18, 2005.[3] On September 16, 2005, appellants filed an answer and counterclaim.[4]
 {¶ 5} On September 20, 2005, appellees filed a motion for default judgment. Appellants filed a brief in opposition on that same date. Appellees filed a response on September 30, 2005. Pursuant to its October 20, 2005 judgment entry, the trial court denied appellees' motion for default judgment.
 {¶ 6} A bench trial was scheduled to commence on February 24, 2006, at which time the parties negotiated a settlement. Pursuant to its March 1, 2006 judgment entry, the trial court indicated that the parties agreed that appellants would pay appellees $28,200. Also, the trial court stated that the parties agreed that the Special Master would be appointed to promulgate rules to govern the future administration of the trust and to determine the effect and validity of any existing rules. The trial court also issued a separate judgment entry that same date, appointing Anthony J. Aveni as the Special Master.
 {¶ 7} The Special Master filed his report on May 19, 2006. Appellees filed objections on June 1, 2006. Appellants filed objections the following day, disagreeing with the Special Master's recommendation that appellee Neil Conway III be reinstated as a general trustee of the trust since he had not raised that issue in his case in chief.
 {¶ 8} A hearing was held on June 2, 2006.[5] *Page 4 
 {¶ 9} Pursuant to its June 8, 2006 judgment entry, the trial court affirmed the report of the Special Master in its entirety, except for the modification of Paragraphs 13 and 16.[6] It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error:[7]
 {¶ 10} "The trial court erred in confirming the recommendation of the Special Master to reinstate plaintiff Neil J. Conway, III as a general trust[ee] of the Neil J. Conway, Sr. and Jeanne L. Conway Educational Trust No. 1 since plaintiffs had not raised the issue of plaintiff Neil J. Conway, III's status as a general trustee in their complaint."
 {¶ 11} In their sole assignment of error, appellants argue that the trial court erred by confirming the Special Master's recommendation to reinstate appellee Neil Conway III as a general trustee of the trust since neither he nor appellee Seanna Conway raised the issue in their complaint. Appellants allege that an issue not raised in the pleadings cannot be adjudicated by the trial court.
 {¶ 12} "The Rules of Civil Procedure only require a short, plain statement of the claim which is sufficient to give the defendant fair notice of the plaintiff's claim and the grounds upon which that claim is based." Jones v. Am. Elec. Power (Feb. 28, 1990), 10th Dist. No. 89AP-358, 1989 Ohio App. LEXIS 3515, at 4. See, also, Slife v. KundtzProperties (1974), 40 Ohio App.2d 179. "Accordingly, few complaints fail to meet the liberal pleading standard embodied in Civ.R. 8[.]"Jones at 4. "[W]hether a plaintiff will *Page 5 
ultimately prevail upon the merits of his complaint is a matter properly determined at trial, and not on the pleadings." Id.
 {¶ 13} "A settlement agreement extinguishes parties' original rights or claims, and substitutes new rights and obligations." Rice v.Hope (Jan. 7, 1991), 2d Dist. No. 12048, 1991 Ohio App. LEXIS 56, at 8, citing Bd. of Commrs. of Columbiana Cty. v. Samuelson (1986),24 Ohio St.3d 62, 63. "Agreements of compromise and settlement are highly favored at law." Rice at 10, citing State ex rel. Wright v. Weyandt
(1977), 50 Ohio St.2d 194. "When litigants voluntarily enter into a settlement agreement in the presence of the trial court, the contract is binding and, once journalized, it need not be reduced to writing for the parties' signatures in order to be enforceable." Rice at 10, citingSpercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36.
 {¶ 14} In the case at bar, although appellees did not specifically raise the issue of the status of appellee Neil Conway III as a general trustee in their complaint and/or their amended complaint, they asked for "Money Damages, Punitive Damages and Removal of the Trustees." Pursuant to Jones, supra, whether appellees would ultimately prevail upon the merits of their complaint was to be determined at the bench trial, rather than on the pleadings. Although a bench trial was scheduled for February 24, 2006, the parties agreed to settle the matter.
 {¶ 15} Pursuant to its March 1, 2006 judgment entry, the trial court stated that "[t]he parties deem it in their interest to settle the issues reflected by this Judgment Entry and therefore, agree as follows:
 {¶ 16} "1. Defendants shall pay the Plaintiffs the sum of Twenty-Eight Thousand Two Hundred Dollars ($28,200) by March 1, 2006. With this payment all financial demands in this matter have been adjudicated. Plaintiffs withdraw their demand to *Page 6 
remove the Trustees. Whether or not Plaintiff, Neil J. Conway, III is a Trustee was not an issue in this case. * * *
 {¶ 17} "2. The Court will appoint attorney Anthony J. Aveni, Esquire, as a Special Master to promulgate rules to govern the future administration of the trust and to determine the effect and validity of any existing rules. Under separate order of the Court, the Master is to submit periodic reports on the issues brought before him. The Court shall provide, by separate Judgment Entry, the specific order to the Special Master of his duties and responsibilities.
 {¶ 18} "* * *
 {¶ 19} "The Court hereby reserves jurisdiction to enforce the settlement agreement and to enforce and oversee the Trust."
 {¶ 20} The foregoing entry was signed by the trial judge, and approved by appellants Jeanne Wagner and Keith Conway, as well as their attorney, and by appellees, as well as their counsel.
 {¶ 21} The trial court issued a separate judgment entry, also dated March 1, 2006, referencing the appointment of the Special Master and his specific duties and responsibilities. The trial court indicated that the Special Master shall:
 {¶ 22} "1. Promulgate rules and regulations by which the Trust shall henceforth be governed and operated. The Master shall consider the Trust documents and give counsel for the respective parties an opportunity to make recommendations.
 {¶ 23} "2. Consider the current rules adopted by the Trustees and determine their validity and applicability to the Trust.
 {¶ 24} "3. Conduct hearing[s], take evidence, participate in meetings and proceed in whatever fashion deemed the best course of action. *Page 7 
 {¶ 25} "4. Make a written report of the findings and recommendations to the Court by May 1, 2006.
 {¶ 26} "5. All Master fees and costs shall be borne equally by the parties. The fees charged by the Special Master shall be at his regular billing."
 {¶ 27} In their brief, appellants state that "Neil [Conway III] was removed as an Operating Trustee and a General Trustee by a vote of Defendant Trustees in 2001. He never protested his removal, never demanded reinstatement." Again, we note that appellants did not provide a transcript or an App.R. 9(C) or (D) statement for our review. Based on the record provided to us by appellants, there is no evidence that appellee Neil Conway III was ever actually removed as a trustee of the trust. The trial court found that there is no authority in the trust for the removal of appellee Neil Conway III as a general trustee.
 {¶ 28} The trial court referenced the report of the Special Master in its June 8, 2006 judgment entry, and specifically stated the following:
 {¶ 29} "3) The Special Master finds that there is no authority in the Trust for the removal of Neil J. Conway III * * * as a General Trustee. Each child was appointed by the Grantors for life terms, subject to earlier termination only by death, resignation, incapacity or refusal to serve * * * none of which are applicable to Neil [J. Conway] III. Further, a General Trustee who has failed, neglected or refused to serve his term will be permanently disqualified as General Trustee and Operating Trustee * * *. Again, none of the stated grounds are applicable to Neil [J. Conway] III."
 {¶ 30} In the instant case, the Special Master and the trial court addressed the contention at issue as part of their duty to "promulgate rules to govern the future administration of the trust and to determine the effect and validity of any existing rules." *Page 8 
Whether or not the trustees have the authority to remove appellee Neil Conway III as a general trustee falls within the authority that was given to the Special Master and to the trial court by the agreement of the parties. In addition, the issue here falls within the continuing jurisdiction over this matter that the trial court retained to further administer the trust. There is no factual record before this court to support the laches claim of appellants.
 {¶ 31} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] According to the complaint, the trust is an irrevocable educational trust that was established by Neil J. Conway, Sr. and Jeanne L. Conway on November 25, 1986, for the purpose of providing educational financial assistance for their grandchildren. Appellee Seanna Conway is a grandchild of the grantors of the trust and is a beneficiary of the trust. At the time of the complaint, she was a fulltime college student at York University in Canada. Appellee Neil Conway III is the father of appellee Seanna Conway, a son of the grantors of the trust, and is or was a general trustee of the trust at the time of the complaint. He paid his daughter's college tuition, housing costs, fees, and other educational expenses, in the amount of $16,964.52, due to appellants' failure to pay for the 2004-2005 school year. In addition to the foregoing amount, appellees seek punitive damages in the sum of $25,000, jointly and severally, as well as attorney fees and costs. Appellants Christine Emerick, Jeanne Wagner, and Keith Conway, are all operating trustees of the trust. Appellant Jeanne Wagner is also the secretary of the trust. Appellants Barry Conway, Sean Conway, and Rachael Meaney are all general trustees of the trust.
[2] In their counterclaim, appellants maintained that the operating trustees paid $8,020 to the University of New Hampshire for the benefit of appellee Seanna Conway as tuition for the 2002-2003 academic year. The University of New Hampshire refunded $4,262.84 to appellees because it only required payment of one-half of the year's tuition. Thereafter, appellants allege that appellee Seanna Conway withdrew from the University of New Hampshire without notifying the operating trustees. Appellants sought that the complaint against them be dismissed; that the trial court enter judgment in their favor in the amount of $4,262.84, plus court costs and interest; punitive damages in excess of $25,000; and attorney fees and costs.
[3] In their amended complaint, appellees additionally alleged that appellants breached their fiduciary duty by refusing to pay appellee Seanna Conway's tuition and board and York University in the amount of $18,872 for the 2005-2006 school year. Also, appellees maintained that they paid room and board and other educational expenses for appellee Seanna Conway in the amount of $6,198 for academic year 2001-2002, and $7,672 for 2002-2003.
[4] Appellants' counterclaim sought the same relief as their previous counterclaim.
[5] Appellants did not file a transcript from that hearing.
[6] Paragraph 13 was modified to provide for payment of private housing, and Paragraph 16 was stricken. The modifications made to the report are not at issue here.
[7] Appellants did not file an App.R. 9(C) or (D) statement. *Page 1