[Cite as *Canton v. SPBC, L.L.C.*, 2021-Ohio-2368.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF CANTON | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2020CA00124 |
| SPBC, LLC, ET AL., | |
| Defendants-Appellants | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2017CV2044


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 7, 2021


APPEARANCES:


For Plaintiff-Appellee     For Defendants-Appellants

KEVIN R. L'HOMMEDIEU     SIDNEY N. FREEMAN
Canton City Law Department     ROBERT MCNAMARA
218 Cleveland Avenue, S.W.     MCNAMARA, DEMCZYK CO., LPA
Canton, Ohio 44701-4218     12370 Cleveland Avenue, N.W.
P.O. Box 867
Uniontown, Ohio 44685

*Hoffman, P.J.*

**{¶1}** Defendants-appellants SPBC, LLC, et al. appeal three Judgment Entries entered by the Stark County Court of Common Pleas. Specifically, the March 23, 2020 Judgment Entry, which vacated the dismissal and reinstated the case; the May 18, 2020 Judgment Entry, which granted summary judgment in favor of plaintiff-appellee City of Canton ("Canton"); and the June 24, 2020 Judgment Entry, which awarded final judgment in favor of Canton.

## STATEMENT OF THE CASE

**{¶2}** On October 12, 2017, Canton filed a Complaint against Appellants for failing to pay employee withholding taxes and the resulting interest and penalties. The parties entered into a Settlement Agreement and Mutual Release ("the Agreement") wherein Canton agreed to accept $15,000, as payment in full, and Appellants agreed to make two equal installments, the first by March 31, 2018, and the second by July 4, 2018. The Agreement further provided, in the event of a default, "Canton reserves all right to proceed with legal remedies available in the Warrant and Litigation, and any other remedies available under applicable law."[1] Appellants made the initial payment of $7,500.00, on March 23, 2018.

**{¶3}** As per the terms of the Agreement, Canton filed a notice/stipulation of dismissal on August 2, 2018, which stated:

---

[1] The Warrant referred to the criminal citation filed in Canton Municipal Court Case No. 2017 CRB 05767. The Litigation referred to the instant civil action filed in Stark County Court of Common Pleas Case No. 2017CV02044.

Pursuant to Ohio Civil Rule 41(A), [Canton] hereby provides Notice of the Dismissal of the above-captioned action with prejudice at [Appellants'] cost. This Court retains jurisdiction to enforce the terms of the settlement agreement between the parties in the action. *Id.*

**{¶4}** After Appellants failed to make the second payment, Canton filed a motion to reinstate and enforce settlement on August 31, 2018. Appellants filed a memorandum in opposition to motion to vacate judgment on September 18, 2019, requesting the trial court order Canton to accept the then-delinquent second installment. Before the trial court ruled on Canton's motion to reinstate, Canton filed a motion for summary judgment on December 18, 2019. Appellants filed a motion to strike on January 10, 2020, admitting they failed to timely pay the second installment, but arguing Canton "refused an alternative payment schedule." Appellants further maintained the express terms of the Agreement limited Canton's remedy to seeking only the second installment. Canton filed a brief in opposition to Appellants' motion to strike on January 15, 2020.

**{¶5}** Via Judgment Entry filed March 23, 2020, the trial court vacated the dismissal, reinstated the case, and set a briefing schedule. Therein, the trial court also denied Appellants' motion to strike, but gave Appellants until April 20, 2020, to respond to Canton's motion for summary judgment. Appellants filed their memorandum in opposition to summary judgment on April 20, 2020. Canton filed a reply brief in support of its motion on April 24, 2020. Via Judgment Entry filed May 18, 2020, the trial court granted Canton's motion for summary judgment. The trial court awarded final judgment to Canton in the amount of $33,227.67, which represented the total judgment of

$40,727.67, less the $7,500.00 payment made by Appellants. The trial court memorialized the award via Judgment Entry filed June 24, 2020.

{¶6} It is from the March 23, 2020, May 18, 2020, and June 24, 2020 Judgment Entries Appellants appeal, raising the following assignments of error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF SPBC, WHEN IT GRANTED CANTON'S MOTION TO VACATE JUDGMENT.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF SPBC, WHEN IT GRANTED CANTON'S MOTION FOR SUMMARY JUDGMENT.

I

{¶7} In their first assignment of error, Appellants contend the trial court erred to their prejudice in granting Canton's motion to vacate.

{¶8} Appellants rely upon this Court's decision in *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. Stark No. CA–8553, 1991 WL 242070, for the proposition a motion to vacate judgment upon an alleged non-performance of an executory contract for settlement is not appropriate. We find *Cogswell* is not applicable to the matter sub judice.

{¶9} In *Cogswell*, appellee Cogswell, a physician, brought an action against his former employer, appellant Cardio Clinic, and its sole shareholder, appellant Epps, who was also an employee, for breach of his employment contract and tortious interference with business and patient relationships. The parties entered into a settlement agreement and release, whereby Cardio Clinic and Epps agreed to pay Cogswell $100,000. If Cardio Clinic and Epps failed to pay within 90 days of November 15, 1990, judgment would be

entered against them in the amount of $120,000. The agreement was entered into the court's record. The trial court dismissed the case with prejudice.  The dismissal entry did not specifically reserve jurisdiction for the trial court to enforce the settlement agreement.

{¶10}  After 90 days passed and Cardio Clinic and Epps failed to pay the agreed amount, Cogswell filed a Civ.R. 60(B) motion for relief from judgment and settlement, alleging Epps fraudulently induced Cogswell to enter into the settlement agreement. After a hearing, the court granted the motion and vacated the judgment of dismissal.  Cardio Clinic and Epps appealed, arguing the trial court erred in vacating the judgment and settlement agreement as 1) Cogswell failed to present any evidence to support his motion for relief from judgment, and 2) there was no evidence to support Cogswell's allegation of fraud.

{¶11}  Unlike *Cogswell,* here there was as specific reservation of jurisdiction to enforce the Agreement.  The Agreement between the parties specifically provided:

> 4. In the event [Appellants default] in the terms of this Agreement, Canton reserves all right to proceed with legal remedies available in the Warrant and Litigation, and any other remedies available under applicable law.[2]  Settlement Agreement and Mutual Release at 1.

{¶12}  Appellants timely tendered the first installment pursuant to the terms of the Agreement.   However, Appellants failed to tender the second and final installment,

---

[2] See, footnote 1, supra.

thereby defaulting "in the terms of this Agreement." As such, Canton had the right to proceed with all legal remedies available in the Litigation.

{¶13} In addition, the August 2, 2018 notice/stipulation of dismissal specifically provided: "This Court retains jurisdiction to enforce the terms of the settlement agreement between the parties in the action." Aug. 2, 2018 Notice/Stipulation of Dismissal.

{¶14} "A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement." *Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 143 Ohio St.3d 346, 2015–Ohio–1101, 37 N.E.3d 1211, syllabus. See, also, *Grace v. Howell,* 2d Dist. Montgomery No. 20283, 2004-Ohio-4120, ¶ 12 ("To enforce a settlement after an entry of dismissal, the terms of the settlement must be embodied in an order of dismissal or the order must contain a provision for the court's continuing jurisdiction over disputes that may arise out of the settlement.").

{¶15} Based upon the foregoing, we find the trial court did not abuse its discretion in vacating the notice/stipulation of dismissal and reinstating the case.

{¶16} Appellants' first assignment of error is overruled.

II

{¶17} In their second assignment of error, Appellants assert the trial court erred in granting summary judgment in favor of Canton.

{¶18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this

Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶19}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶20}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving

party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

**{¶21}** Appellants argue an executory settlement agreement cannot be rescinded for non-compliance of future performance and the original claim cannot be pursued. Appellants cite *Bd. of Commrs. of Columbiana Cty. v. Samuelson*, 24 Ohio St.3d 62, 63 (1986), for the proposition a "settlement extinguishes or merges the original rights or claims and correlative obligations and, where the agreement is executory, substitutes for the original claims the new rights and obligations agreed to."  Appellants conclude the Agreement between the parties merged Canton's original right or claim for the full amount Appellants owed, and a separate action for performance under the terms of the Agreement was Canton's only remedy.

**{¶22}** As set forth in our Statement of the Case, supra, Canton filed a Complaint against Appellants after Appellants' failure to pay employee withholding taxes and the resulting interest and penalties. The parties entered into the Agreement.  Pursuant to the terms of the Agreement, Canton agreed to accept $15,000, as payment in full, and Appellants agreed to make two equal installments, the first by March 31, 2018, and the second by July 4, 2018.  Appellants timely tendered the first installment, but failed to tender the second. The plain language of the Agreement permitted Canton, in the event of a default, to proceed with all "legal remedies available in the Warrant and Litigation,

and any other remedies available under applicable law." Canton did just that. Appellants failed to demonstrate genuine issues of material fact exist.

**{¶23}** Upon review of the record, we find the trial court did not err in granting summary judgment in favor of Canton.

**{¶24}** Based upon the foregoing, Appellants' second assignment of error is overruled.

**{¶25}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Wise, John, J. and

Delaney, J. concur